MIRIAM ISAACS, Respondent, *v.* J. CARL SCHMUCK, Appellant.

Second Department, December 3, 1926.

**Vendor and purchaser — action to recover back down-payment on ground that title tendered is not marketable — counterclaim for reformation of contract to include restrictions — counterclaim alleges that title deeds were given to plaintiff's attorney who acted for both parties and that deeds showed restrictions — mutual mistake — issue was raised by counterclaim — plaintiff not entitled to summary judgment — if counterclaim is insufficient it may be amended — objections to title, consisting of mortgages and absence of stamps on deeds tendered, not well taken.**

In an action to recover back a down-payment made by the plaintiff upon a contract for the purchase of certain real estate, which action was brought on the theory that the defendant did not have a marketable title, in that the property was subject to certain restrictions not specified in the contract, a motion by the plaintiff for summary judgment must be denied, since it appears

that the defendant asserts a counterclaim for reformation of the contract, and in support thereof shows that the plaintiff's attorney acted for both parties in the execution of the contract and that the defendant gave to the plaintiff's attorney the title deeds to the property which contained the restrictions objected to by the plaintiff.

Under the circumstances, since the plaintiff's attorney acted for both parties, there apparently was a mutual mistake, which entitles the defendant to reformation of the contract, and the counterclaim and affidavits, therefore, raise an issue which prevents the plaintiff having a summary judgment.

If defendant's counterclaim is not sufficiently pleaded he may be allowed to amend.

Further objections by the plaintiff to the effect that the property was subject to certain mortgages and that the deeds tendered did not have stamps affixed as required by law, are not well taken, for the deeds were sufficient to pass title, and it appears that at the time of closing the defendant presented satisfaction pieces of the mortgages in question.

KAPPER and LAZANSKY, JJ., dissent.

APPEAL by the defendant, J. Carl Schmuck, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Nassau on the 22d day of March, 1926, granting plaintiff's motion for summary judgment, and also from a judgment entered in said clerk's office on the 2d day of April, 1926, in pursuance of said order.

*Charles S. Noyes,* for the appellant.

*Emanuel S. Cahn,* for the respondent.

YOUNG, J. The action is brought to recover the amount paid by plaintiff upon a contract for the purchase of certain real estate at Lawrence, Nassau county, N. Y. The complaint alleges in substance that the parties entered into a contract for the purchase and sale of the property and plaintiff paid $20,000 upon signing the contract. The title was to be closed on December 17, 1925. At that time defendant tendered a deed which was rejected by plaintiff on the ground that the title was unmarketable. The contract provided that the premises were sold subject, among other things, to " building restrictions and regulations in resolutions or ordinance adopted by the Trustees of Village of Lawrence." The objections to the title made by plaintiff were that the defendant had no title and could not convey the property according to the contract; that the premises or a part thereof were subject to certain covenants and restrictions in certain deeds recited in the objections; that portions of the premises were subject to specified mortgage and that the deed tendered did not have the stamps affixed to it as required by law.

Numerous affidavits by both parties were submitted on the motion. It appears that the defendant obtained title under a deed

from the executor of Newbold Lawrence, deceased. By this deed the property is made subject to the same covenants and restrictions as those in the deed by the party of the first part to Sarah Murray. This Murray deed contains a covenant by which the use of the property is restricted against the sale of " any wine or malt or spirituous liquor; " also against " any building for the carrying on of any noxious trade or business," and against " any nuisances * * * thereon." It further provides that the covenant shall run with the land and also for its enforcement at law or in equity.

The amended answer contains *inter alia* a counterclaim for reformation. The allegations are in substance that, at the time the contract was drawn by plaintiff's attorney, the defendant was not represented by attorney, and, by his consent, the agreement was drawn by plaintiff's attorney; that plaintiff delivered the title deeds of the property, including the deed containing the covenant in question; that no question was asked of him by the attorney in reference to the covenant and defendant relied upon the plaintiff and her attorney to draw the contract correctly from the said deed; that he did not have it in mind at that time that there was any covenant contained in the deed and, had he been aware of that fact, he would have requested some provision to be made to cover the restriction, and the defendant, therefore, asks that the contract be reformed.

The reply to this counterclaim is in substance a general denial. Upon the motion for judgment, defendant submitted an affidavit in which he sets up the same facts contained in the counterclaim.

The learned Special Term granted plaintiff's motion for summary judgment, and this appeal is from the order and judgment entered thereupon.

In the view I take of this appeal, it will be unnecessary to determine whether the restriction in question renders the title unmarketable. Assuming that it does, it does not follow that plaintiff is entitled to summary judgment. In my opinion, while defendant's counterclaim is not a very well drawn cause of action for reformation, the facts alleged do show that the attorney had knowledge of these restrictions and, of course, his client, the plaintiff, is charged with the same knowledge. It may be presumed that without any fraud he intended to draw the contract so as to permit defendant to comply therewith and give a good title, but that, in drawing it, he, inadvertently and through mistake, omitted any reference to these restrictions. Of course, if he intended to do otherwise, that would be fraud. I do not think, however, that any fraud was intended, but that it was a mistake, and as

he in effect represented both parties in drawing this contract, the mistake may be said to have been mutual. In this view, defendant would be entitled to reformation. At all events, plaintiff would not be entitled to summary judgment, and that is what he has now obtained. Defendant's counterclaim for reformation and plaintiff's reply thereto present an issue and defendant's affidavit shows that he has a defense and is entitled to a trial of this issue. Even though defendant's counterclaim is insufficient to support reformation, he may be allowed to amend it so as to render it sufficient. (*Curry* v. *Mackenzie*, 239 N. Y. 267.)

The remaining objections made by plaintiff to the title were not in my opinion well taken. Defendant's affidavit shows that he had, at the time set for closing, satisfaction pieces of the mortgages in question and that the deeds tendered were sufficient to convey title with the required covenants.

The order and the judgment entered thereon should be reversed on the law, with costs, and the motion for summary judgment denied with ten dollars costs

KELLY, P. J., and JAYCOX, J., concur; KAPPER and LAZANSKY, JJ., dissent.

Order and judgment entered thereon reversed upon the law, with costs, and motion for summary judgment denied, with ten dollars costs.