JOSEPH FRIED, Appellant, *v.* EMANUEL S. CAHN and Others, Respondents.*

First Department, November 3, 1933.

*George Natanson* of counsel [*Fried & Cohn*, attorneys], for the appellant.

*Leo Levy*, for the respondent Emanuel S. Cahn.

*Leon Forst*, for the respondents Leon Forst and Harold Goldstein, executors.

UNTERMYER, J. The action is by an attorney against another attorney, Cahn, and the executors of one Miriam Isaacs, deceased.

On August 8, 1925, Miriam Isaacs entered into a written contract with one Dr. Schmuck for the purchase of certain real property in the village of Lawrence, Nassau county, and paid $20,000 on account of the purchase price. In that transaction she was represented by the defendant Cahn. Subsequently she concluded that the purchase was an unfavorable one and, desiring to recede from it, employed the plaintiff for that purpose. Negotiations were almost concluded between the plaintiff, acting for Miss Isaacs, and Dr. Schmuck for the cancellation of the contract by relinquishing to Dr. Schmuck the deposit of $20,000 when a search of the title, caused to be made by Cahn, revealed the existence of a restrictive covenant affecting the premises and not referred to in the contract of sale. This, it was believed, would justify the rejection of title which was set for closing on December 17, 1925. It was recognized that, if title was rejected, litigation would be necessary to procure the return of the deposit, and Miss Isaacs desired, for reasons which are in dispute, that in that litigation the plaintiff should be associated with Cahn. Thereupon at her request Cahn wrote the plaintiff as follows:

" *December 14th*, 1925.

" JOSEPH FRIED, Esq.,
" 15 William Street,
" New York City.

" DEAR JOE: Miss Isaacs informed me yesterday that she had arranged with you subject to my approval that you are to receive 40% (forty percent) of my fee for services rendered and to be rendered by you in association with me in the efforts to be made to obtain the return to Miss Isaacs of the deposit made by her with Dr. Schmuck on her contract.

" My arrangement with Miss Isaacs is that I am to receive twenty-five (25%) of the said $20,000 or so much thereof as is recovered by her from Dr. Schmuck, whether as a result of litigation or settlement or otherwise. The arrangements made by Miss Isaacs and you are satisfactory to me.

" Will you please acknowledge receipt of this letter confirming these arrangements by return mail.

" Very truly yours,
" MANNIE CAHN."

Title was rejected on December 17, 1925, and action was almost immediately begun to recover the deposit. Cahn prepared the complaint in that action and appeared as the attorney of record. A motion for summary judgment was granted at Special Term, but was reversed by the Appellate Division, two justices dissenting (*Isaacs* v. *Schmuck*, 218 App. Div. 516). The Court of Appeals thereafter reversed the judgment of the Appellate Division (245 N. Y. 77) and affirmed the judgment of the Special Term. All these court proceedings were conducted almost exclusively by Cahn. When the judgment was paid by Dr. Schmuck to Cahn as attorney of record, Cahn withheld the entire twenty-five per cent in accordance with his agreement with Miss Isaacs, but refused to pay any part to the plaintiff. This action was then instituted to establish an equitable lien, to the extent of the plaintiff's interest, on the proceeds of the judgment. (*Barnes* v. *Alexander*, 232 U. S. 117; *Harwood* v. *LaGrange*, 137 N. Y. 538; *Lynch* v. *Conger*, 181 .App. Div. 221.)

The trial court dismissed the complaint on the merits as against the defendant executors and dismissed it as against the defendant Cahn without prejudice to an action by him for the reasonable value of the services rendered by him, holding that the plaintiff had not established performance of the contract. We think the complaint was properly dismissed as against the executors for the reason that the letter of December fourteenth, read in the light of the other evidence, sustains the finding of the trial court that the agreement contemplated that the full compensation should be paid by Miss Isaacs to Cahn and by Cahn divided with the plaintiff in accordance with their contract of December 14, 1925.

We do not agree, however, that the plaintiff failed to establish performance of his contract with Cahn. Differences of opinion, resulting in considerable acrimony, developed between the plaintiff and Cahn as soon as the action against Dr. Schmuck was begun. The plaintiff criticized various allegations of the complaint which Cahn had prepared, insisting that it tendered some issues that were not material and that one of the allegations was not true. Although he did not oppose the making of the motion for summary judgment, he expressed apprehension that it might not ultimately. succeed. It seems to be suggested that these facts in some way justified Cahn in refusing to recognize the plaintiff's interest in the proceeds of the litigation. That, of course, would not be so. The plaintiff did not forfeit his right to compensation by expressing an opinion, however inconsistent with the opinion of his associate, on questions arising in the course of litigation. That was one of the purposes for which he was retained.

Criticism is also made of the services rendered by the plaintiff before December 14, 1925, to which the letter of that date makes express reference. That criticism, even if it were justified, we may disregard, for the agreement of December fourteenth was made with full knowledge on the part of all concerned of the extent and character of the previous services. After December 14, 1925, the correspondence of the parties clearly shows that the plaintiff, desiring to co-operate with Cahn, several times requested to be consulted concerning all proceedings to be taken by Cahn who, as the attorney of record, was in a position to control the litigation. This, however, was not done. Under these circumstances, we do not know what it is the plaintiff failed to do that he should or could have done, for Cahn himself testified that the plaintiff never, when requested, refused to render any services. We have, then, a situation where the plaintiff expressed his willingness to participate more fully in the litigation but was not accorded the opportunity. He is not to be deprived of the compensation agreed upon because Cahn failed to avail himself of his services to the fullest extent. (*Bundy* v. *McLean*, 104 Wis. 263.) Indeed, Cahn seems to have recognized the plaintiff's interest from the beginning to the end of the litigation. Together with the plaintiff he rejected title on behalf of Miss Isaacs on December 17, 1925. On December eighteenth he transmitted to the plaintiff the summons and the complaint and, on January 12, 1926, a copy of the answer. In February of that year he permitted, if indeed he did not request, the plaintiff to participate in the preparation of an affidavit to be used on the motion for summary judgment. In that affidavit, at the plaintiff's suggestion, the plaintiff was described as one of the attorneys representing Miss Isaacs. On October 25, 1926, he furnished the plaintiff with the case on appeal and the brief in the Appellate Division and on December third he sent the plaintiff the opinion of that court. On March 17, 1927, he sent the plaintiff the brief submitted in the Court of Appeals. Not until the litigation was successfully concluded and payment of the judgment made was it suggested that the plaintiff had abandoned his employment and was not entitled to participate in the compensation. We conclude, therefore, that the plaintiff established performance of the contract and is entitled to an equitable lien to the extent of the compensation agreed to in the letter of December 14, 1925.

The judgment dismissing the complaint on the merits as against the defendant executors should be affirmed, with costs to said respondents. The judgment dismissing the complaint against the defendant Cahn should be reversed, with costs to appellant against said respondent, and judgment directed in favor of the plaintiff

against the defendant Cahn adjudging that said defendant received and held the proceeds of the judgment impressed with a trust in favor of plaintiff to the extent of $2,000 and that plaintiff recover of said defendant the sum of $2,000, with interest from May 19, 1928, with costs.

FINCH, P. J., MERRELL, TOWNLEY and GLENNON, JJ., concur.

Judgment dismissing the complaint on the merits as against the defendant executors affirmed, with costs to said respondents. The judgment dismissing the complaint against the defendant Cahn reversed, with costs to the appellant against said respondent, and judgment directed in favor of the plaintiff against the defendant Cahn adjudging that said defendant received and held the proceeds of the judgment impressed with a trust in favor of plaintiff to the extent of $2,000 and that plaintiff recover of said defendant the sum of $2,000, with interest from May 19, 1928, with costs. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.