# BARNES *v.* ALEXANDER.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 109. Submitted December 1, 1913.—Decided January 12, 1914.

Where the remarks in the opinion are not necessary to the decision, which was placed mainly on other grounds, and are contrary to an earlier decision, this court is at least warranted in treating the question as at large.

Although it might be its duty to do so, it would be a strong thing for

this court to decide that there was nothing to warrant a conclusion, whether of law or of fact, sanctioned by the highest court of a Territory that has since become a State, upon a matter no longer subject to review here. *Phœnix Ry.* v. *Landis*, 231 U. S. 578.

An informal business transaction should be construed as adopting whatever form consistent with the facts as is most fitted to reach the result seemingly desired. *Sexton* v. *Kessler*, 225 U. S. 90.

It is an ancient principle even of the common law that words of covenant may be construed as a grant when they concern a present right.

In equity, a contract to convey a specific object even before it is acquired will make a contractor a trustee as soon as he gets title thereto.

An obligation to pay, but definitely limited to payment out of the fund, creates a lien. There should be but one rule in this respect and that is the one suggested by plain good sense.

Where parties have a lien on a fund they can follow it, as soon as identified, into the hands of others than the person originally receiving it. On this point this court follows the territorial court.

In this case *held* that parties promised for a consideration a definite portion of a contingent fee if earned had a lien thereon when received by the promisor that they could follow and enforce.

13 Arizona, 338, affirmed.

THE facts, which involve the validity of a judgment obtained by the defendants in error against the plaintiff in error in the courts of the Territory of Arizona, are stated in the opinion.

*Mr. Eugene S. Ives* for appellants.

*Mr. J. L. B. Alexander, Mr. W. M. Seabury, Mr. Aldis B. Browne, Mr. Alexander Britton* and *Mr. Evans Browne* for appellees.

MR. JUSTICE HOLMES delivered the opinion of the court.

The proceeding out of which this case arises was brought by the appellant Mrs. Barnes, for an account of the prop-

erty received in settlement of certain mining suits and for a recovery of one-fourth of the same. The defendants, Shattuck, Hanninger and Marks, were parties to these suits and employed as their attorneys the firm of Barnes and Martin and one O'Connell under an agreement that the lawyers should have as their compensation one-fourth of all that was received by the said defendants. It may be assumed that Mrs. Barnes represented this claim. While the present suit was pending another firm, whose claim now is represented by the appellees, intervened and claimed one-third of this contingent fee of one-fourth. At the trial it appeared that the original defendants had paid to O'Connell the amount due; $18,750. Pending the suit O'Connell paid over $10,625 of this to Mrs. Barnes, retaining $6250, and paying Martin, the junior member of the firm of Barnes and Martin, $1875. The court entered no decree against the original defendants but did decree that Mrs. Barnes was liable to the appellees for $6250, being one-third of the contingent fee. She appealed to the Supreme Court of the Territory, but it affirmed the judgment below. *Barnes v. Shattuck*, 13 Arizona, 338. The other two appellants in this court are the sureties on her supersedeas bond.

The main question is whether the facts set forth in the findings certified justify the conclusion of the courts below. The whole matter rests on conversations, in one of which Barnes said to Street and Alexander 'if you will attend to this case I will give you one third of the fee which I have coming to me on a contingent fee from Shattuck, Hanninger and Marks. Mr. O'Connell, who is associated with me, is entitled to the other third.' In others also he explained what his firm was to have and told Street and Alexander that they should get one-third of that if they would do certain work that he had not time to attend to. Street and Alexander did the work required, it does not matter whether it was more or less;—there

was some attempt to raise a question about the fact, but we regard it as beyond dispute. The only serious argument is that, whatever they did, their compensation depended upon a personal promise that gave them no specific claim against the fund. For this proposition reliance is placed upon *Trist* v. *Child*, 21 Wall. 441. In that case Child had an agreement with Trist that Child should take charge of a claim of Trist before Congress and should receive twenty-five per cent. of whatever sum Congress might allow. The suit alleged a lien on the sum allowed and prayed that Trist might be enjoined from withdrawing the money from the Treasury and might be decreed to pay the amount due. The bill was dismissed on the ground that the contract was illegal, but it was added that Child had no lien because it was forbidden by act of Congress, and also, it was said, because there was no sufficient appropriation of the fund, so that the only remedy, if there had been one, would have been at law. (*Wright* v. *Ellison,* 1 Wall. 16; *Christmas* v. *Russell*, 14 Wall. 69.) This decision, so far as it concerns us here, seems to have overlooked *Wylie* v. *Coxe*, 15 How. 415, which decided that a contract for a contingent fee out of a fund awarded constituted a lien upon the fund. The remarks in *Trist* v. *Child* were not necessary to the decision which was placed mainly on other grounds, so that at least we are warranted in treating the question as at large.

It would be a strong thing to decide that there was nothing to warrant the conclusion, whether of law or fact, sanctioned by the highest court of a Territory that since has become a State, upon a matter no longer subject to review by us. See *Phoenix Ry. Co.* v. *Landis*, 231 U. S. 578. But it might be our duty and we pass that consideration by. We start, however, with the principle that an informal business transaction should be construed as adopting whatever form consistent with the facts is most fitted to reach the result seemingly desired. *Sexton* v.

*Kessler,* 225 U. S. 90, 96, 97. Obviously the only thing intended or desired was to give the appellees a claim to one-third of the fund received by Barnes if and when he should receive it. It is true that there was in a sense a *res* as to which present words of transfer might have been used. There was a right vested in Barnes unless discharged to try to earn a fee contingent upon success. But in a speculation of this sort the parties naturally turned their eyes toward the future and aimed at the fruits when they should be gained. They therefore used words of contract rather than of conveyance; but the important thing is not whether they used the present or the future tense but the scope of the contract. In this case it aimed only at the fund. Barnes gave no general promise of reward; he did not even give a promise qualified and measured by success to pay anything out of his own property, referring to the fund simply as the means that would enable him to do it. See *National City Bank* v. *Hotchkiss,* 231 U. S. 50, 57. He promised only that if, when and as soon as he should receive an identified fund one-third of it should go to the appellees. But he promised that. At the latest, the moment the fund was received the contract attached to it as if made at that moment. It is an ancient principle even of the common law that words of covenant may be construed as a grant when they concern a present right. *Sharington* v. *Strotton,* Plowden, 298, 308. *Hogan* v. *Barry,* 143 Massachusetts, 538. *Ladd* v. *Boston,* 151 Massachusetts, 585, 588. And it is one of the familiar rules of equity that a contract to convey a specific object even before it is acquired will make the contractor a trustee as soon as he gets a title to the thing. *Mornington* v. *Keane,* 2 DeG. & J. 292, 313. *Holroyd* v. *Marshall,* 10 H. L. C. 191, 211.

The obligation of Barnes was as definitely limited to payment out of the fund as if the limitation had been stated in words, and therefore creates a lien upon the

principle not only of *Wylie* v. *Coxe, supra*, but of *Ingersoll* v. *Coram*, 211 U. S. 335, 365–368, which cites it and later cases. See further to the same point, *Burn* v. *Carvalho*, 4 My. & Cr. 690, 702, 703. *Rodick* v. *Gandell*, 1 DeG., M. & G. 763, 777, 778. *Harwood* v. *La Grange*, 137 N. Y. 538, 540. It is suggested that there is an American doctrine opposed to that which is established in England. We know of no such opposition. There is or ought to be but one rule, that suggested by plain good sense.

After making their contracts the parties seem to have construed them as we have done. Barnes wrote to his partner, when they had succeeded in the cases concerned, in terms showing that he regarded their own claim as specific, 'to have one-fourth of the ground,' the principle on which this suit was brought; and when a settlement was to be made he went to Phoenix and notified Street and Alexander. For the same reason the latter firm filed no claim against the estate of Barnes, thinking that it owed them nothing but that they had one-third of the contingent fee. It is not necessary to consider whether the lien attached to what we have called the *res*, before the fund was received, as a covenant to set apart rents and profits creates a lien upon the land. *Legard* v. *Hodges*, 1 Ves., Jr. 477. It is enough that it attached not later than that moment.—We have considered the case upon the merits. The argument upon them for the appellants is mixed with others as to the sufficiency of the complaint in intervention.. Upon the point of pleading we see no occasion to go behind the decision below. *Phoenix Ry. Co.* v. *Landis*, 231 U. S. 578.

Another matter argued is that the appellees should not have been allowed to prove the payment made after the suit was begun. But the appellees properly were allowed to intervene in a suit to recover the fund. Rev. Stat. Arizona, 1901, § 1278. *London, Paris & American Bank* v. *Abrams*, 6 Arizona, 87, 90; *Louisville, Evansville & St.*

*Louis R. R. Co.* v. *Wilson*, 138 U. S. 501. Even if their lien was only inchoate when the suit was begun, which we do not intimate, they had a right to protect their interest and of course were not deprived of it by the plaintiff's reaching the result that they also desired. Having a lien upon the fund, as soon as it was identified they could follow it into the hands of the appellant Barnes. On this point also we shall go into no question of pleading or procedure but shall accept the decision of the territorial Supreme Court.

The only remaining objection that seems to us to need a word of answer, is that as Mrs. Barnes only received $10,625, she should not have been charged with the whole third, $6,250. As the lien of the appellees attached to the whole two-thirds of the quarter remaining to Barnes and Martin after taking out O'Connell's third, we do not see on what ground she could complain, if the objection is open. It seems probable that it is only an after thought of counsel and that the sum retained by Martin was what would come to him after deducting the share of Street and Alexander's fee that properly fell upon him as between him and his former partner's estate.

*Judgment affirmed.*