CURTIS v. WALPOLE TIRE & RUBBER CO. et al.

FISHER et al. v. ANTHONY et al.

ANTHONY v. WALPOLE TIRE & RUBBER CO. et al.

(Circuit Court of Appeals, First Circuit.   December 4, 1914.)

Nos. 1094–1096.

1. ASSIGNMENTS (§§ 48, 59*) — EQUITABLE ASSIGNMENT — TRANSFER OF ACCOUNT.

The W. Company, having borrowed $15,000 from claimant, gave him a letter, addressed to the F. Company, directing it to pay claimant that amount out of its indebtedness to the W. Company, and to accept the writing as an order to pay claimant direct, if he so desired.  There was due the W. Company from the F. Company at this time more than $13,-000, and the F. Company's treasurer accepted the order and wrote claimant, asking an indulgence on payments.  Thereafter the F. Company assigned, among other accounts, certain invoices of goods sold to the F. Company, aggregating $22,500, for advances made by the T. Company, and, the W. Company having failed, the balance of the F. Company's debt was paid to the W. Company's receivers.  *Held*, that the transaction was not a mere promise of the W. Company to pay claimant's debt out of a particular fund, but constituted an equitable assignment, vesting claimant with a power coupled with an interest in the account, which was irrevocable.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 133, 160; Dec. Dig. §§ 48, 59.*]

2. ASSIGNMENTS (§ 68*)—EQUITABLE ASSIGNMENT—WAIVER.

Claimant, being a director of the W. Company, loaned to it $15,000, receiving as security an equitable assignment of an account against the F. Company.  At a subsequent meeting of the directors of the W. Company its treasurer was authorized to assign accounts receivable to the T. Company for moneys advanced, pursuant to which the same account, previously assigned to claimant, was transferred to the T. Company.  It did not appear, however, that claimant knew that the treasurer would assign that account; but, if he did know of the accounts the treasurer proposed to assign to the T. Company, he knew that, so far as the F. Company's account was concerned, it only related to certain particular invoices of goods out of that account, amounting to $22,461.83.  *Held*, that any waiver of claimant's assignment arising from such subsequent transfer did not affect his right to the balance of the account, after deducting such specified invoices.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 127; Dec. Dig. § 68.*]

3. ASSIGNMENTS (§ 90*)—EQUITABLE ASSIGNMENTS—INTEREST.

Where claimant loaned the W. Company $15,000, taking a note bearing interest, secured by an equitable assignment of an account against the F. Company, which was thereafter placed in the hands of a receiver, the assigned account being sufficient to pay claimant's note and interest, he was entitled to recover interest, as well as the principal, out of the fund, as against the receiver.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 156; Dec. Dig. § 90.*]

Appeals from the District Court of the United States for the District of Massachusetts; Frederic Dodge, Judge.

Suit by Rensselaer L. Curtis against the Walpole Tire & Rubber Company and others.  From a decree awarding a portion of a fund

paid to the receivers by the Foster Rubber Company to Alfred W. Anthony and another, Robert C. Fisher and others, receivers, and R. L. Curtis appeal; and from so much of the decree as disallowed the claimant's demand for interest from July 1, 1913, he appeals. Reversed on claimant's appeal, and affirmed on the other appeals.

Guthrie B. Plante, of New York City (Morris & Plante, of New York City, on the brief), for appellant Curtis.

Edward H. Ruby, of Boston, Mass., for appellant Anthony.

Lee M. Friedman, of Boston, Mass. (Swift, Friedman & Atherton, of Boston, Mass., on the brief), for Walpole Tire & Rubber Co. and its receivers.

Before BINGHAM, Circuit Judge, and ALDRICH and BROWN, District Judges.

BINGHAM, Circuit Judge. In April, 1913, the Walpole Tire & Rubber Company declared a dividend, having funds to meet the same on deposit in a Providence bank. The bank failed, and the company concluded to raise money to pay the dividend, and, on the 16th day of that month procured a loan of $15,000 from Alfred W. Anthony, the claimant. In doing this, the Tire Company gave to Anthony a note for $15,000 payable to his order, signed by the Massachusetts Chemical Company and indorsed by the Walpole Tire & Rubber Company, and as security therefor, gave a writing addressed to the Foster Rubber Company, reading as follows:

"Walpole, Massachusetts, April 16, 1913.

"Foster Rubber Company, 105 Federal Street, Boston, Mass.—Gentlemen: This is to certify that your account, amounting approximately to $15,000.00, shall be paid to Alfred W. Anthony in the usual sums which you deposit.

"Please accept this as an order to pay him direct if he so desires.

"Yours very truly,            Walpole Tire & Rubber Company,
                                        "By A. T. Baldwin, Treasurer."

There was then due the Tire Company from the Foster Company $13,493.54. On April 23d the treasurer of the Tire Company wrote a letter to Anthony, in which he said:

"I was going to suggest if, after we had sent you a couple more checks, reducing to $10,000, perhaps it would not inconvenience you if we skipped a week on account of very heavy disbursements the last few days of the month. The account will always be good for the balance due you, so that you are protected on the order given."

It was found in the court below that at the time this loan was made, and letters were written, there was a running account in existence for goods sold by the Tire Company to the Foster Company, and that it was the understanding of the parties that the loan of $15,000 should be secured by this account.

On the 19th of June, 1913, the Tire Company assigned, among other accounts, to the Traders' Commercial Company of New York certain invoices of goods sold to the Foster Company, aggregating $22,500, and notice of this assignment was at once given to the Foster Company. Anthony failed to give notice to the Foster Company of his assignment until July 31st, when notice was given.

August 2, 1913, the Tire Company was put into the hands of receivers. The balance then due it from the Foster Company was more than sufficient to cover the amount due on the note to Anthony and the unpaid balance covered by the assignment to the Traders' Commercial Company. In September, 1913, the Foster Company paid to the receivers the balance in its hands on its account with the Tire Company, arrangement having been made with Anthony and the Traders' Company, whereby it was agreed that such payment should be made without prejudice to their rights; and on receiving this payment the receivers deposited the sum of $11,500 in a special bank account to await the determination of Anthony's claim; that sum being the amount due him on his note as of July 1, 1913.

The claim of Anthony was referred to a master, who, having heard the parties, made a report, in which he found the amount due the claimant was $11,500 and interest from July 1, 1913, and that he was entitled to be paid that sum out of the balance obtained by the receivers on the Foster account.

The allowance made by the master was afterwards approved and affirmed by the District Court, except so far as it related to the question of interest. The court allowed interest at 6 per cent. from July 1st to August 2d, the date of the appointment of the receivers, and such further sum as accrued upon the $11,500 after it was deposited by the receivers in the bank as aforesaid, and a decree was entered accordingly.

From this decree the receivers and R. L. Curtis, a creditor of the Tire Company, appealed on the ground that the District Court erred in finding and ruling that the writings of April 16th and April 23d constituted an equitable assignment by the Tire Company to the claimant of the account then due and to become due the Tire Company from the Foster Company, to secure the claimant for what might be due him on his note, until paid; and the claimant appealed from the decree so far as it disallowed his claim for interest from July 1, 1913, until the note should be paid, on the ground that his claim was not a preferred, but a secured, claim, and the sum in the hands of the Foster Company at the time it was turned over to the receivers was more than sufficient to pay his note and the balance due the Traders' Company in full.

Counsel for the creditor and the receivers contend that the writings of April 16th and 23d amount to nothing more than a mere promise to pay a debt out of a particular fund, and do not constitute an assignment of the fund, even in equity; that to make an equitable assignment there should be such an actual or constructive appropriation of the subject-matter as to confer a complete and present right on the party meant to be provided for, even where the circumstances do not admit of its immediate exercise; and that these writings disclose that no actual or constructive appropriation of the account, as it then existed or as it thereafter accrued, was made, so as to confer a complete and present right on the claimant.

[1] We are, however, of the opinion that the District Court did not err in this particular, and that the writings of April 16th and April

23d, when read together and taken in connection with the transaction which the parties were undertaking to carry out, show that it was intended to assign the entire account as then due and to become due from the Foster Company to the Tire Company to secure the claimant's note. By their delivery to the claimant with this intention there was an actual appropriation of the account as it then existed, and a constructive appropriation of it as to sums that might become due in the future. The transaction was not a mere promise to pay the note out of a particular fund. Field v. City of New York, 6 N. Y. 179, 57 Am. Dec. 435; Brill v. Tuttle, 81 N. Y. 454, 37 Am. Rep. 515; Fourth Street Bank v. Yardley, 165 U. S. 634, 17 Sup. Ct. 439, 41 L. Ed. 855; Ingersoll v. Coram, 211 U. S. 335, 368, 29 Sup. Ct. 92, 53 L. Ed. 208; Barnes v. Alexander, 232 U. S. 117, 34 Sup. Ct. 276, 58 L. Ed. 530; Peugh v. Porter, 112 U. S. 737, 5 Sup. Ct. 361, 28 L. Ed. 859; 3 Pomeroy's Eq. (2d Ed.) §§ 1235, 1236, 1237. The Tire Company retained no right to collect the account for its own benefit, or to revoke the disposition promised as to the future. By the assignment an equitable interest in the account as it then stood, and as it might thereafter accrue, passed to the claimant as security for his note, together with a power to collect the account and apply the proceeds in satisfaction of the note. As the assignment vested in the claimant an equitable interest in the account, with a power to collect the same, he thereby became possessed of a power coupled with an interest in the account assigned, which was irrevocable. Hunt v. Rousmanier's Adm'rs, 21 U. S. (8 Wheat.) 175, 5 L. Ed. 589.

Being of the opinion that the claimant obtained an assignment of the entire account as it stood on April 16th, and as it might thereafter accrue, and the sum turned over to the receivers being more than sufficient to pay the claims of the Traders' Company and of the claimant in full, many of the questions argued by counsel for the receivers and the creditor pass out of the case, and it is unnecessary to consider them.

[2] It appears that the claimant was a director in the Tire Company, and was present, and took part, at a meeting of its board of directors on the 19th of June, when it was voted that "the treasurer be authorized to execute a contract with the Traders' Commercial Company of New York, and assign accounts receivable" to it, in pursuance of which the assignment heretofore referred to was made to the Traders' Company; and in view of this it is argued that the claimant waived his right in the account under the assignment to him. This objection, however, is without foundation in fact—First, because it does not appear that the claimant knew that the treasurer would assign the account which had already been assigned to him; and, second, if he did know what accounts the treasurer proposed to assign to the Traders' Company, he knew that, so far as the Foster Company account was concerned, it only related to certain particular invoices of goods out of that account amounting to $22,461.83. If this was a waiver of the claimant's assignment as to these invoices, it did not affect his right to the balance of the account as security for his note, and is of no importance, as the balance due on that account, after

deducting the invoices assigned to the Traders' Company, is more than enough to pay his note in full.

[3] As to the matter of interest, we think the District Court was in error. The claimant is not seeking to establish a preferred claim. His position is that the sum due on the Foster account was pledged to him as security by the assignment, and that, as this sum is sufficient to pay his note, principal and interest, he is entitled to have it satisfied therefrom.

In No. 1096, Alfred W. Anthony v. Walpole Tire & Rubber Company et al., the decree of the District Court is modified, by allowing interest on the claimant's note at 6 per cent. from July 1, 1913, to the date of payment, and, as thus modified, it is affirmed; and the appellant recovers his costs of appeal.

In No. 1094, Rensselaer L. Curtis v. Walpole Tire & Rubber Company et al., the decree of the District Court, as modified by the decree of this court in No. 1096, is affirmed; and the appellees recover their costs of appeal.

In No. 1095, Robert C. Fisher et al., Receivers, v. Alfred W. Anthony et al., the decree of the District Court, as modified by the decree of this court in No. 1096, is affirmed; and the appellees recover their costs of appeal.