## ROSS v. FRANCIS.
### No. 477.

Circuit Court of Appeals, Second Circuit.

July 9, 1934.

David Haar, of New York City, for appellant.

Max Rockmore, of New York City (Adolph Greenberg, of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

Nearly three years before petition filed, the defendant, Francis, an attorney, under-took to wind up the affairs of the bankrupt, a corporation, upon an agreement that he should receive for his services 15 per cent. upon all sums collected. These services consisted chiefly in collecting the accounts and paying the creditors; the active business had ceased. Francis had full powers of attorney from the company, but, so far as appears, the only legal services performed were to bring several suits on which nothing was collected. Before August 15, 1928, he had collected $34,173.85 on which his commissions were $5,126.08. Of these he withdrew $2,000 on November 18, 1927, at a time when the company was apparently solvent, and $2,682.-04 on November 2, 1928, when he knew that it was not. On August 15, 1928, at the time of making a third and last payment to creditors, he reserved out of funds then in his hands $5,432.04 for services and disbursements, including his first withdrawal. After that day he collected $3,735.70 more, but the record is silent as to how much of this came into his hands before or after August 27, 1929; the petition being filed December 27, 1929. Having, however, reserved $5,432.04 on August 15, 1928, and withdrawn on or before November 2, 1928, $4,682.04 we may suppose that the difference, $750, thereafter remained in his hands subject to withdrawal when earned. On December 26, 1929, he withdrew $737.70.

The plaintiff does not dispute the validity of the first payment of $2,000 on November 18, 1927, because it does not appear that Francis then knew that the company was insolvent; perhaps it was not so in fact. In spite of the lapse of more than a year between November 2, 1928, and petition filed, he does, however, challenge the second payment, not indeed under the Bankruptcy Act (11 USCA § 1 et seq.), but under section 15 of the New York Stock Corporation Law (Consol. Laws, N. Y. c. 59). This involves the validity of the lien which the defendant pleaded as a defense. We need not decide whether he had an attorney's retaining lien, because in any event his lien as attorney in fact was good as soon as the money came into his possession, Barnes v. Alexander, 232 U. S. 117, 34 S. Ct. 276, 58 L. Ed. 530; and he got possession when he put the collections in a bank account in his own name with the suffix "Keywan Account." The payment of November 2, 1928, being made from earlier collections, was therefore not a preference.

On August 27, 1929, four months before petition filed, the defendant had earned commissions of $444.03 more than he had withdrawn, **and we may** assume that the

$750, which he retained against services and disbursements after his withdrawal of November 2, 1928, secured these commissions, though the total amount reserved was for disbursements as well as services. We may assume also, we think, that the amount of his commissions he continuously retained in his hands thereafter. We do not know, however, when he collected the amount which he did collect after August 15, 1928, $3,735.70. But it is not necessary to know this. It would be if the debt had come into existence before the lien, but that was impossible. The defendant had agreed to be paid only by commissions on collections; his services were gratuitous so far as no collections resulted. Since he took the collections into his possession immediately as they came in, there was no period when the company owed him an unsecured debt and no security taken upon such a debt with knowledge of the debtor's insolvency. A preference pre-supposes some credit given, a period when the debt exists unsecured; there can be none when the debt is secured as soon as it becomes a debt.

Decree affirmed.