### WALKER v. HARTFORD REALIZATION CO. et al.
### No. 95.

Circuit Court of Appeals, Second Circuit.

Dec. 3, 1934.

Jean Nelson Penfield, of New York City, and Charles A. Watrous, of New Haven, Conn. (Jean Nelson Penfield, of New York City, of counsel), for appellant.

Francis P. Rohrmayer and Aaron Nassau, both of Hartford, Conn. (Aaron Nassau, of Hartford, Conn., of counsel), for appellants.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The court below sustained a demurrer to the amended bill of complaint in this suit, and the complainant, having elected to stand on his bill, a final decree was entered dismissing the same upon the merits. From this decree the complainant appeals.

The amended bill alleges that the complainant, Walker, is a member of the New York bar who has specialized in corporate reorganization work; that the defendants are a protective committee of the depositors of Pallotti, Andretta & Co., a Connecticut banking corporation, which had been suspended from business by order of the state banking commissioner and placed in the hands of a receiver by the state court; that the protective committee had retained Walker to enable their depositors to get relief from the burden of the receivership whereby their deposits were tied up, and to submit plans for so doing. It is alleged that his employment was authorized by a resolution of the committee; that he recommended a plan which the committee approved; that the plan consisted of procuring from the depositors a waiver agreement which he had drafted, of forming an assets realization company of which the committee should furnish the officers and directors, of assigning to it the claims of such depositors as had put their affairs in the hands of the committee, and thereafter under a court order of transferring to it all the assets of the company. It was alleged that it was a further part of the plan to employ the first cash assets that the realization company obtained in organizing a bank to carry on the old business, the stock of which should be held by the realization company. It was also alleged that, when the complainant was retained he stated "that the fee for his services would be a sum equal to one per cent of the deposit claims assigned to the said committee, which sum was to be paid from the assets when recaptured by the committee; that upon that basis and understanding his services were rendered, and that by the terms of the aforesaid contract, there is now due and

owing to this plaintiff from the defendants the sum of $20,000. * * * "

The bill further alleged that complainant's plan was carried out by the committee, that the Hartford Realization Company was organized, and, out of the cash received by the committee in dividends from the receiver, assets amounting to $1,032,370.08 were bid in by the realization company at the receiver's sale. Because of the foregoing, the complainant claims to have become entitled to an equitable lien upon the assets of the insolvent bank bid in through the committee by their nominee, the Hartford Realization Company, which took the assets with full knowledge of the lien.

The substance of Mr. Walker's claim is that he was employed by the committee to furnish a plan to recapture the assets from the receiver, that he furnished the plan and co-operated with the committee, as he had been requested to do, and that he had an agreement with the committee that he should "be paid from the assets when recaptured by the Committee."

It must be assumed that the allegations of the amended bill are true, for they stand admitted by the motion to dismiss. Whether they can be established on the trial is of course a matter of proof. For example, the power of the committee to impress an equitable lien upon assets which it realized for its depositors may fail for insufficient evidence, or be successfully disputed on the trial. Upon the allegations as they stand, we cannot agree with the court below that no cause of action in equity is stated. The claim that complainant is entitled to impress the assets of The Hartford Realization Co. with an equitable lien in his favor is all based upon the alleged agreement to pay him "from the assets when recaptured by the Committee." It is argued that such an agreement does not create a lien, but the decision of the Supreme Court in Barnes v. Alexander, 232 U. S. 117, 34 S. Ct. 276, 277, 58 L. Ed. 530, seems precisely in point and sustains complainant's position. There Barnes said to Alexander and another: "If you will attend to this case I will give you one third of the fee which I have coming to me on a contingent fee from Shattuck, Hanninger, and Marks." Justice Holmes remarked in the course of his opinion that: "The obligation of Barnes was as definitely limited to payment out of the fund as if the limitation had been stated in words, and therefore creates a lien. * * * " He cited in support of this conclusion: Wylie v. Coxe, 15 How. 415, 14 L.

Ed. 753; Ingersoll v. Coram, 211 U. S. 335, 365–368, 29 S. Ct. 92, 53 L. Ed. 208; Burn v. Carvalho, 4 My. & Cr. 690, 702, 703; Rodick v. Gandell, 1 DeG., M. & G. 763, 777, 778; and Harwood v. LaGrange, 137 N. Y. 538, 540, 32 N. E. 1000, all of which indicate that an agreement to pay out of an identifiable fund when it shall come into being gives rise to a lien. To the New York decision may be added the recent case of Archibald v. Panagoulopoulos, 233 N. Y. 478, 135 N. E. 857; Wilson v. Seeber, 72 N. J. Eq. 523, 66 A. 909; Geddes v. Reeves Coal & Dock Co. (C. C. A.) 20 F.(2d) 48, 54 A. L. R. 282; U. S. Fidelity & Guaranty Co. v. Bristow (D. C.) 4 F.(2d) 810; and American Surety Co. v. Finletter (C. C. A.) 274 F. 152, are in accord.

There are authorities holding that an equitable lien will only be imposed where there is an agreement to assign a fund present or future. Such are Trist v. Child, 21 Wall. 441, 22 L. Ed. 623; Christmas v. Russell, 14 Wall. 69, 20 L. Ed. 762; Wright v. Ellison, 1 Wall. 16, 17 L. Ed. 555; Palmer v. Carey, (1926) A. C. 703; Elmore v. Symonds, 183 Mass. 321, 67 N. E. 314, but we think in so far as these may be said to differ from Barnes v. Alexander, 232 U. S. 117, 34 S. Ct. 276, 58 L. Ed. 530, we are bound by the latter.

Our own decision in Spellman v. Bankers' Trust Co., 6 F.(2d) 799, is relied on as tending to negative a lien, but there not only were the proper parties not before the court, but there was an attempt to establish an assignment of a fund where no fund existed to which a lien could attach. Bassett v. City Bank & Trust Co., 116 Conn. 617, 165 A. 557, is also relied on, but there also the court held that there was no fund to which a lien could attach. It is seriously argued that no identifiable fund existed in the present case, but the assets recaptured from the receiver were a fund sufficiently identified to pass muster. In spite of some confusion in the authorities, we feel bound under the last decisions of the Supreme Court to hold that enough was alleged in the amended bill to support complainant's lien. Barnes v. Alexander, 232 U. S. 117, 34 S. Ct. 276, 58 L. Ed. 530; Ingersoll v. Coram, 211 U. S. 335, 29 S. Ct. 92, 53 L. Ed. 208.

The learned trial court seemed to think that the proposed organization of a bank to succeed to the business out of the "first cash assets that the asset realization company gets" and complainant's plan that this bank should "take over all assets that can fairly

be used in the banking business" necessarily negatived a lien on the assets that the realization company received. We cannot follow this reasoning, but in any event the argument seems more properly addressed to the situation which may develop at the trial than to the allegation of the amended bill that complainant's fee is to be paid out of "the assets when recaptured by the committee."

The amended bill alleges that the complainant furnished a plan as agreed and cooperated with the committee and realization company in so far as he was allowed to. There is enough alleged to indicate that he was prevented from doing anything more and from securing his fee by the willful acts of the committee and its nominee. We think a cause of action in equity is sufficiently set forth to withstand a motion to dismiss.

The decree dismissing the bill is reversed, with costs to the appellant, and the defendants are allowed ten days after the entry of the order on our mandate within which to answer.