## G. C. Arnold *v.* The Buckhannon Bank

(No. 8157)

Submitted November 5, 1935.  Decided November 19, 1935.

*Young & McWhorter,* for appellant.

*D. H. Hill Arnold* and *H. Roy Waugh,* for appellee.

Hatcher, Judge:

This is a suit in chancery. The plaintiff claims that he advanced to the defendant Bank the interest on certain notes held by it; that he was not responsible on the notes; that the defendant agreed to repay him the advances out of the first money it received on the notes from the makers or from a sale of their property; and that it did receive an ample sum to repay him from such sale, but refused to do so. Upon conflicting evidence, the circuit court found for plaintiff. The defendant appealed, contending, primarily, that equity has no jurisdiction.

The plaintiff takes the position that his alleged agreement with the Bank constituted an equitable assignment of the fund received by it from the sale. The ordinary form of an equitable assignment is an order drawn by the debtor in favor of the creditor on a fund in the hands of a third person. But that is not the form presented here. The assignment alleged by plaintiff is one to the creditor himself (plaintiff) by the debtor (defendant) of a fund to come later into the

debtor's own possession. There is some difference of authority on a situation like this, occasioned mainly by the fluctuation thereon of the federal courts. (For demonstration of this statement, see the several holdings in *Christmas* v. *Russel,* 14 Wall. 69, 20 L. Ed. 762; *In re Stiger,* 202 Fed. 791; *Barnes* v. *Alexander,* 232 U. S. 117, 34 S. Ct. 276, 58 L. Ed. 530; *Re Interborough,* 288 Fed. 334, 32 A. L. R. 932; *East Side* v. *Fahy,* 24 Fed. [2d] 644.) The Virginia courts, however, are committed to the rule that to constitute an equitable assignment, the debtor must by order or otherwise place the creditor in position to compel payment of the debt from the holder of the fund; and that a mere agreement between debtor and creditor that the debt should be paid out of a designated fund when received by the debtor, is not an assignment of and creates no equitable right to the fund. *Clayton* v. *Fawcett,* 2 Leigh 19; *Eib* v. *Martin,* 5 Leigh 132; *Feamster* v. *Withrow,* 9 W. Va. 296, 313; *Smith* v. *Patton,* 12 W. Va. 541, 553. This rule is supported by the great weight of authority. 5 C. J., subject Assignments, section 80; 19 A. & E. Ency. of Law, subject Liens, pp. 16, 17; Williston on Contracts, secs. 428-9; Jones on Liens (3rd Ed.), sec. 48; Lawrence on Eq. Juris., sec. 235; Pomeroy's Eq. Juris. (4th Ed.), sec. 1283, note 1; Beach on Modern Eq. Juris., sec. 333; Bispham's Principles of Eq. (7th Ed.), sec. 167. In *Evans* v. *Rice, Tr.,* 96 Va. 50, 30 S. E. 463, it was expressly held: "An agreement by a debtor to pay a debt out of the proceeds of the sale of a particular piece of property does not constitute an assignment of, or lien upon the proceeds, but is only the personal covenant of the debtor." Accord: *Am. Pin Co.* v. *Wright,* 60 N. J. Eq. 147, 149, 46 A. 215, 216, in which vice-chancellor Pitney said of a promise under seal of a debtor that he would devote the proceeds of the sale of his house to payment of a certain debt: "I have been unable to find any authority which has gone so far as to hold an agreement of this kind to amount to a charge."

There is no allegation or proof touching the attitude of the makers of the notes, on plaintiff's payment. There was no agreement between him and the Bank that it would assign any part of the debt to him. Consequently, he does not bring

himself within any of the equitable hypotheses stated in *Neely* v. *Jones,* 16 W. Va. 625, 37 Am. Rep. 794, and *Crumlish* v. *Imp. Co.,* 38 W. Va. 390, 18 S. E. 456, 23 L. R. A. 120, 45 Am. St. Rep. 872. He has assumed the role of a pure volunteer. As such, he would not be entitled to subrogation in equity. Pomeroy, *supra,* sec. 2348. As such, he could not even recover his payment were it not for his alleged contract. Page on Contracts, sec. 1520. That contract gives him no other than simple contractual rights. Under that contract, according to his claim, the Bank has received money, to which he is entitled. Therefore, he presents an ordinary demand for money had and received, a proper case for assumpsit.

The decree of the circuit court is reversed and the plaintiff's bill is dismissed; but without prejudice to the prosecution of his action in assumpsit, which this record shows he has instituted and is now pending against the Bank upon the claim advanced herein.

*Decree reversed; bill dismissed without prejudice.*