MARTIN, Circuit Judge,
dissenting:
AirTran Airways, Inc. (AirTran) says that its suit seeks equitable relief, but it fails to make a critical showing for purposes of equity: that the defendants remain in possession of the disputed property. For the reasons that follow, I have come to understand that AirTran’s suit seeks a legal remedy which is not permitted under the statute it relies on. Based on this understanding, I would reverse the District Court’s grant of summary judgment in favor of AirTran, its order awarding attorney’s fees and costs, and its later Rule 70 order enforcing the judgment.
I. THE DISTRICT COURT IMPROPERLY GRANTED SUMMARY JUDGMENT BY CLASSIFYING AIRTRAN’S CLAIMS AS EQUITABLE.
At issue is whether AirTran’s suit against Brenda Elem, her attorney Mark Link, and his law firm Link & Smith, P.C. (Link & Smith) (collectively the defendants) to recover settlement funds subject to an equitable lien by agreement is permitted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(3)(B). This statute gives courts the power to grant “other appropriate equitable relief’ only when enforcing a covered insurance plan. Specifically, a plan fiduciary may bring a civil action under ERISA “to obtain other appropriate equitable relief ... to enforce ... the terms of the plan.” 29 U.S.C. § 1132(a)(3)(B)(ii). The Supreme Court has construed this section to authorize only “those categories of relief that were typically available in equity.” Mertens v. Hewitt Assocs., 508 U.S. 248, 256, 113 S.Ct. 2063, 2069, 124 L.Ed.2d 161 (1993). Thus, the statute offers no relief for legal claims. Whether a remedy is “legal or equitable depends on the basis for [the plaintiffs] claim and the nature of the underlying remedies sought.” Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 213, 122 S.Ct. 708, 714, 151 L.Ed.2d 635 (2002) (alteration in original) (internal quotation marks omitted).
I certainly recognize, that AirTran’s claim here is one arising in equity. The clear terms of the insurance plan created an equitable lien by agreement over the money Ms. Elem got as a result of her third party suit from the moment she had actual or constructive possession of that-money. However, on the facts before us, the only remedy available to AirTran is legal, not equitable, in nature. Money damages are traditionally a remedy at law, but can be equitable if the plaintiff seeks: (1) “specifically identifiable funds” in (2) the defendant’s “possession and control.” Sereboff v. Mid Atl. Med. Servs., Inc., 547 U.S. 356, 362-63, 126 S.Ct. 1869, 1874, 164 L.Ed.2d 612 (2006) (internal quotation marks omitted). AirTran properly identified specific funds, but failed to establish that the identifiable funds are “in the possession and control” of the defendants. The remedy AirTran seeks is therefore a legal one and is not permitted under 29 U.S.C. § 1132(a)(3)(B).
A. A MONEY DAMAGE AWARD IS ONLY EQUITABLE IF THE DEFENDANT REMAINS IN POSSESSION.
Supreme Court precedent makes clear that a plaintiff proceeding in equity to *1204 recover funds from a defendant must, at a minimum, show that those funds are presently in the defendant’s possession. In Walker v. Brown, 165 U.S. 654, 17 S.Ct. 453, 41 L.Ed. 865 (1897), the Supreme Court was asked to decide whether an equitable lien by agreement remained attached to certain Memphis city bonds in the hands of the widow of a businessman who pledged the bonds to plaintiff J.H. Walker & Co. (Walker). That businessman, Mr. Brown, had actually pledged the bonds to Walker for the benefit of a third party. As that third party got into financial difficulties, Mr. Brown paid its creditors the value of the bonds, retook possession of the bonds, and then gifted them to his wife before he passed away. The Supreme Court held that the lien by agreement was not extinguished when Mr. Brown bought them back, and that the “equitable lien will be enforced by a court of equity against the bonds in the hands of [Mrs.] Brown or against third persons who are volunteers or have notice.” 165 U.S. at 664, 17 S.Ct. at 457 (emphasis added). The Supreme Court’s discussion of available equitable relief turned on the current location and possession of the bonds. See also Ketchum v. St. Louis, 101 U.S. 306, 318, 11 Otto 306, 25 L.Ed. 999 (1879) (‘With that [equitable] lien the property itself was chargeable by whomsoever it or the funds accruing therefrom are or may be held.”).
More recent cases also support the expectation that a defendant must still be in possession of the property subject to the lien to allow equitable recovery under 29 U.S.C. § 1132(a)(3)(B). The Supreme Court denied reimbursement in Knudson because the insurance company was not seeking to recover “particular funds or property in the defendant’s possession.” 534 U.S. at 213, 122 S.Ct. at 714. The company sued Ms. Knudson, the beneficiary, instead of the trustee in charge of the Special Needs Trust where the money was held pursuant to California law. Because Ms. Knudson did not have the funds in her possession, the Court observed that the plaintiff’s claim was “not that respondents hold particular funds that, in good conscience, belong to petitioners, but that petitioners are contractually entitled to some funds for benefits that they conferred.” Id. at 214, 122 S.Ct. at 715. The Court held “where ‘the property [sought to be recovered] or its proceeds have been dissipated so that no product remains, [the plaintiffs] claim is only that of a general creditor,’ and the plaintiff ‘cannot enforce a constructive trust of or an equitable lien upon other property of the [defendant].’ ” Id. at 213, 122 S.Ct. at 714 (alteration in original) (quoting Restatement of Restitution § 215, cmt. a, at 867); see also Restatement of Restitution § 215 cmt. b (“A person whose property is wrongfully taken by another is not entitled to priority over other creditors unless he proves that the wrongdoer not only once had the property or its proceeds, but still has the property or its proceeds or property in which the claimant’s property or its proceeds have been mingled indistinguishably.”).
In Sereboff, the Supreme Court noted that the “impediment to characterizing the relief in Knudson as equitable” was not present. Id. at 362, 126 S.Ct. at 1874. That is because, in contrast to Knudson, the plan administrator in Sereboff sought “particular funds or property in the defendant’s possession,” Knudson, 534 U.S. at 214, 122 S.Ct. at 708, where the identified fund was “preserved [in the Sereboffs’] investment accounts.” Sereboff, 547 U.S. at 362-63, 126 S.Ct. at 1874 (alteration in original) (quoting Mid Atl. Med. Servs., LLC v. Sereboff, 407 F.3d 212, 214 (4th Cir.2005), aff'd sub nom. Sereboff v. Mid Atl. Med. Servs., Inc., 547 U.S. 356, 126 S.Ct. 1869, 164 L.Ed.2d 612 (2006)).
*1205 This Court and other Circuit Courts have followed the Supreme Court’s guidance that a defendant’s current possession of the funds at issue is a necessary element of an equitable claim. See, e.g., Popowski v. Parrott, 461 F.3d 1367, 1373 (11th Cir.2006) (“Unlike in Knudson, a significant portion of the funds specified went directly into the [insureds’] bank account and, thereby, was in their possession for purposes of this case. Thus, at the time they filed their suit, [the plan fiduciaries] sought ‘not to impose personal liability on [the beneficiary], but to restore to the plaintiff[s] particular funds or property in [the beneficiary’s] possession.’” (fourth alteration in original) (emphasis added) (quoting Knudson, 534 U.S. at 214, 122 S.Ct. at 714-15)); Treasurer, Trs. Of Drury Indus. Health Care Plan & Tr. v. Goding, 692 F.3d 888, 896 (8th Cir.2012) (“In equity, there was no cause for restitution where the trustee of property wrongfully disposed of another’s property, but no longer held that property or its product. A party who has been wrongfully divested of its property ... could only recover it if it proved not only that the other party once had property legally or equitably belonging to it, but also that he still holds the property or properties which is in whole or part its product.” (citation omitted) (internal quotation marks and alterations omitted)); Bilyeu v. Morgan Stanley Long Term Disability Plan, 683 F.3d 1083, 1095 (9th Cir.2012) (rejecting the argument that an equitable lien can be enforced against general assets when the specifically identified property has been dissipated); Loffredo v. Daimler AG, 500 Fed.Appx. 491, 499 (6th Cir.2012) (“To plead claims for equitable relief ... the plaintiffs would have to allege either that the defendants currently (and improperly) possess the assets dispersed from the trust or that they retain profits generated from that property.”). In disagreeing with a case cited favorably by the majority, the Solicitor General of the United States also concluded that a plaintiff must establish the defendant’s possession of the disputed funds to recover under this provision. See Brief for the United States as Amicus Curiae at 9, Thurber v. Aetna Life Ins. Co., et al., — U.S. -, 134 S.Ct. 2723, -, - L.Ed.2d - (2014) (No. 13-130), 2014 WL 1783200 at *9 (“In the government’s view, the court of appeals in this case erred in concluding that a plan fiduciary can enforce an equitable lien regardless of whether the funds at issue have been dissipated.”).
B. AIRTRAN DID NOT ESTABLISH THAT DEFENDANTS HAVE POSSESSION OF THE SETTLEMENT FUNDS.
As soon as the settlement funds were transferred to the benefit of Ms. Elem, AirTran “could follow [those funds] into the hands” of the defendants. Panel Op. at 8 (quoting Barnes v. Alexander, 232 U.S. 117, 123, 34 S.Ct. 276, 278, 58 L.Ed. 530 (1914)). Once AirTran established who had the funds, its recovery against the person holding the funds would rightfully be classified as “equitable” according to Supreme Court and common law precedent. Yet what AirTran is entitled to do in equity, and what it actually did here, are very different things.
AirTran’s complaint alleges “[u]pon information and belief, portion(s) of the funds to which the Plan is entitled are in the possession of Defendant Elem, Defendant Link and/or the Defendant Firm.” AirTran’s statement of material facts submitted in connection with its motion for summary judgment fails to offer any support for the allegation about possession made in its complaint. Though AirTran had ample opportunity in discovery to inquire about the exact location of the dis *1206 tributed settlement money, it did not. Neither did AirTran ask the District Court for a restraining order or injunction to make sure that the funds were easy to identify once the case was resolved, as had happened in other reimbursement cases. See, e.g., Sereboff, 547 U.S. at 360, 126 S.Ct. at 1873 (noting that the Sereboffs agreed to preserve the disputed funds in an investment account until the suit was resolved); Popowski, 461 F.3d at 1370 (“[T]hey filed this suit along with a motion for a temporary restraining order and preliminary injunction to protect the settlement proceeds.”). In its argument here, AirTran says that the “settlement funds could be followed into the hands of Elem, Link, and Link & Smith, P.C.,” but it does not point to the money’s current location. AirTran suggests that defendants engaged in “chicanery” by “concealing and then quickly ‘spending] all money received,’ ” but points to nothing in the record to support that proposition.
C. SEREBOFF’S LIMITATION ON “STRICT TRACING” DOES NOT IMPACT THIS CASE.
The majority forgives AirTran’s failure to show defendants’ possession of the settlement funds by stating that disbursal or commingling of the settlement funds is irrelevant to whether the claim is properly characterized as equitable. Ms. Elem, Mr. Link, and Link & Smith challenged the District Court’s grant of summary judgment in part because AirTran did not establish that the funds it requested were still in the possession of any defendant. The majority says, mistakenly I believe, that the defendants’ challenge is one “on the ground that AirTran failed to satisfy the strict tracing rules of equitable restitution.” Panel Op. at 2. The majority then relies on Sereboff to reject this appeal. 547 U.S. at 364, 126 S.Ct. at 1875 (discussing the “strict tracing rules” that applied to equitable restitution at common law). But I do not read Sereboff in the same way as the majority.
In Sereboff, the beneficiaries of an ERISA-covered health insurance plan received payment irom the plan to cover medical expenses resulting from a car accident. The Sereboffs later settled a lawsuit they had filed regarding the car accident, and the terms of the plan called for the money paid in settlement to go to reimburse the administrator. The Sereboffs argued that recovery of settlement funds paid by a third party—and not directly from the plan—was not “equitable relief’ under 29 U.S.C. § 1132(a)(3)(B) because “[t]he money in [the beneficiaries’] investment account cannot be traced to [the plan administrator].” Respondent Reply Brief at 9, Sereboff, 547 U.S. 356, 126 S.Ct. 1869,-(No. 05-260), 2006 WL 717048 at *9. The Supreme Court rejected the Sereboffs’ argument because “no tracing requirement of the sort asserted by the Sereboffs applies to equitable liens by agreement or assignment.” Sereboff, 547 U.S. at 365, 126 S.Ct. at 1875. In support of its position, the Court turned to “case law from the days of the divided bench”— meaning cases heard during the period when the United States had two parallel courts, one of equity and one of law— which did not require the holder of an equitable lien by agreement to trace the res directly from the defendant back to the plaintiff. Id. at 363-64, 126 S.Ct. at 1874-75 (discussing Barnes, 232 U.S. at 199-23, 34 S.Ct. at 277-78).
In its discussion of strict tracing, the Supreme Court made a distinction between equitable liens sought as a matter of restitution and equitable liens by agreement. For equitable liens sought as a matter of restitution, strict tracing is required, but for equitable liens by agree *1207 ment, it is not. Sereboff, 547 U.S. at 364-65, 126 S.Ct. at 1875-76. Further, the Court cabined its discussion of strict tracing to the type of tracing requirement “asserted by the Sereboffs.” Id. at 365, 126 S.Ct. at 1875. As described above, the Sereboffs argued that equitable tracing required the plaintiff to trace the defendant’s funds back to the plaintiff himself, and not to a third party. The Supreme Court rejected this argument, and held that equitable relief was still available where the plaintiff could not “identify an asset they originally possessed, which was improperly acquired and converted into property the defendant held.” Id. (emphasis added). Later, this Court interpreted Sereboff’s tracing language to eliminate only the requirement that disputed funds originate with the plaintiff. See Admin. Comm. for Wal-Mart Stores, Inc. Assocs.’ Health & Welfare Plan v. Horton, 513 F.3d 1223, 1227 n. 3 (11th Cir.2008) (“[T]he Sereboff Court explained that strict tracing rules need not apply for an equitable lien to properly attach to the settlement funds; that is, although the disputed funds had never actually been in the possession of the plan, the plan could seek to ‘recover’ property that belonged to it in good conscience under the plan agreement.” (emphasis added)).
The majority relies on what I believe is a misapplication of Sereboff, accepted by some of our sister circuits, to characterize the recovery of assets no longer in the defendant’s possession as equitable relief. See, e.g., Cusson v. Liberty Life Assurance Co. of Boston, 592 F.3d 215, 231 (1st Cir.2010) (determining that an insurer need not identify a “specific account in which the funds are kept or prove[ ] that they are still in [the defendant’s] possession”). I do not accept this interpretation because the defendants in Sereboff we re still in possession of the funds—the Sereboff parties had stipulated that the funds were securely set aside in an investment account. See Sereboff, 547 U.S. at 360, 126 S.Ct. at 1873. So in Sereboff the Supreme Court was never asked to decide whether a defendant’s possession at the time of the suit was necessary for an action in equity.
D. EQUITABLE RELIEF IS NOT AVAILABLE AGAINST DEFENDANTS WHO DO NOT HAVE POSSESSION OF THE DISPUTED PROPERTY.
If the settlement had instead been issued to Ms. Elem in the form of a luxury automobile, AirTran could exercise its equitable lien only by locating the automobile or the proceeds of the sale of the automobile and suing the person who had possession. It would make no sense to sue in equity to recover a car from someone who does not have it. And, the result is the same when a plaintiff brings a claim for “other equitable relief’ without establishing who is in possession. At core, a plaintiffs ability to seek equitable relief over a res cannot be separated from the ongoing existence and location of that res or its proceeds. More to the point, we, as a court sitting in equity, cannot reverse engineer what happened to the plaintiffs property by assuming that one or more of the named defendants now has it. Yet, that is what the majority does here.
The District Court’s grant of summary judgment entitled AirTran to recover the $131,704.28 it paid for Ms. Elem’s medical expenses. The District Court later clarified that its “[¡judgment requires reimbursement of AirTran by all Defendants ... because all three possess settlement funds that belong ‘in good conscience’ to the Plan.” The majority opinion repeats this idea that the funds AirTran seeks to recover are “in ‘the possession and control’ of Elem and Link.” Panel Op. at 8. But *1208 nothing in the record supports either conclusion. To the contrary, only Ms. Elem and Link & Smith received distributions from the settlement amount, and AirTran made no assertions about whether the money remained in their possession when it filed its motion for summary judgment. The record before us simply tells us nothing about where the money is. It could be disbursed, it could be commingled, or it could be tucked under Ms. Elem’s mattress. By the District Court’s order, Mr. Link is liable in equity for a res that he does not possess. Whatever retribution is appropriate for Mr. Link’s “sin[s],” Panel Op. at 2, it cannot lie in equity. If Ms. Elem and Link & Smith no longer have the funds, they continue to be subject to legal claims, but the equitable claim has dissipated. AirTran’s claims simply fall outside the relief permitted by 29 U.S.C. § 1132(a)(3)(B).
II. THE DISTRICT COURT IMPROPERLY GRANTED ATTORNEY’S FEES AND COSTS.
The defendants also challenge the District Court’s grant of attorney’s fees and costs. Under 29 U.S.C. § 1132(g), attorney’s fees may be awarded at the Court’s discretion to a party who achieves “some success on the merits.” Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 255, 130 S.Ct. 2149, 2158, 176 L.Ed.2d 998 (2010). Because I view summary judgment as having been improperly granted in favor of AirTran, the District Court’s related award of attorney’s fees and costs should also be vacated. See Ogden v. Blue Bell Creameries U.S.A., Inc., 348 F.3d 1284, 1288 (11th Cir.2003) (vacating award of attorney’s fees after holding that the District Court improperly awarded equitable relief under ERISA).
III. DEFENDANTS’ APPEAL OF THE DISTRICT COURT’S RULE 70 ORDER IS NOT MOOT AND THE RULE 70 ORDER WAS GRANTED TO ENFORCE AN INCORRECT JUDGMENT.
Finally, I turn to the defendants’ appeal of the District Court’s Rule 70 order enforcing judgment. The majority opinion dismisses the appeal as moot because defendants paid the required amount to Air-Tran, eliminating any “case or controversy about the merits of the Rule 70 order.” Panel Op. at 21. I disagree with this holding on both factual and legal bases.
The defendants’ payment to AirTran was conditioned in part on the outcome of the Rule 70 order appeal. The majority opinion highlights a purported stipulation by both parties at oral argument that the payments were subject to “the disposition of the appeal of the summary judgment and the award of attorney’s fees and costs.” Id. at 6. I heard no such stipulation at oral argument. AirTran’s counsel admitted that the payment “was subjectively conditioned on repayment if there was a final ruling in favor of [defendants],” Oral Arg. Recording at 13:36 (Feb. 28, 2014), while counsel for defendants stated that the money was “turned over to other side to hold in trust” and that if “we win, we get it [back],” id. at 00:52, 01:09. At no point did the parties mention that conditional repayment was tied only to the appeal challenging summary judgment and award of attorney’s fees and costs. This matters because defendants had two separate appeals before us: one challenging the summary judgment grant and award of attorney’s fees and costs, Case No. 13-11738-BB, and the other challenging the Rule 70 order, Case No. 13-14912-BB. Everything I see indicates to me that defendants’ payment was conditioned on the outcome of both appeals. For example, in *1209 their response to AirTran’s motion for contempt, Mr. Link and Link & Smith state that they “are paying the amounts claimed under protest and threat of civil and/or criminal contempt while the appeal of both Orders are pending in the 11th Circuit.” Without explicit documentation or statements to the contrary, I see no basis for putting limitations on the defendants’ conditional payment in our evaluation of mootness.
I do not read our prior case law to comport with the majority’s analysis. While “payment of a judgment and an acknowledgement of satisfaction will moot an appeal from the judgment,” RES-GA Cobblestone, LLC v. Blake Const. and Dev., LLC (Cobblestone), 718 F.3d 1308, 1315 (11th Cir.2013), it is also true that “what matters is whether the parties’ actions objectively manifest an intent to abandon the issues on appeal.” Id. at 1315. In Cobblestone, we observed that the appellant “never purported to reserve the right to continue to pursue [the] appeal,” did not intend to “claw back the costs and fees he paid,” and signed a consent agreement settling the suit to determine that the appeal was mooted. Id. at 1315-16; see also Fidelcor Mortg. Corp. v. Ins. Co. of N. Am., 820 F.2d 367, 370 (11th Cir.1987) (mooting appeal where appellant made “no reservation allowing [him] to proceed with an appeal”); cf. Alvarez-Perez v. Sanford-Orlando Kennel Club, Inc., 518 F.3d 1302, 1305-08 (11th Cir.2008) (declining to dismiss an appeal as moot where the parties “acted in all respects as though the appeal and cross-appeal were alive and that they were awaiting a decision” and “continued to litigate the ease in this Court as though nothing had changed”); Ass’n for Disabled Ams., Inc. v. Integra Resort Mgmt., Inc., 387 F.3d 1241, 1243 (11th Cir.2004) (holding that an appeal was not moot where appellants “specifically reserved their right to appeal” and there was no “evidence of some intent to end the litigation”). Like the appellants in Alvarez-Perez, here the defendants’ “actions speak loudly enough to drown out” any indication that they regarded the conditional payment to terminate either of their appeals. 518 F.3d at 1307. Both parties briefed the Rule 70 order appeal after the payment was made to AirTran, and neither brief claimed mootness. The majority offers no evidence that the parties “objectively manifest[ed] an intent to abandon the issues” as is necessary by this Court’s precedent.
The defendants’ counsel made a statement at oral argument, only part of which is quoted by the majority to oppose the position I have taken here. See Panel Op. at 21. Though the attorney for Ms. Elem, Mr. Link and his law firm did say there was “perhaps not” a current injury resulting from that order, he went on to explain “but it could cause injury in the future such as having to come back up here again and fight that issue.” Oral Arg. Recording at 02:58-03:06 (Feb. 28, 2014). Even accepting that counsel did not fully explain his clients’ ongoing injury at that moment in the oral argument, the fact remains that, much like a supersedeas bond, defendants have an ongoing injury in the form of their conditional payment suspended in escrow.
The Rule 70 order appeal is not mooted by defendants’ conditional payment made under threat of contempt. The District Court’s grant of summary judgment improperly awarded non-equitable relief to AirTran in violation of 29 U.S.C. § 1132(a)(3)(B), thus an order enforcing that judgment cannot stand. Both the grant of summary judgment and the Rule 70 order should be vacated.
For these reasons I respectfully dissent.