Delfrey Williams, Geraldine Manuel Jackson, and Daisy Lee Robinson, three residents of the City of Prichard, sued the City of Prichard[1] and the Board of Water and Sewer Commissioners of the City of Prichard ("the Board"), alleging that, as a result of an improper sewage discharge, they had suffered mental anguish and had suffered a diminution in the value of their real property. They alleged that the Board had negligently or wantonly designed, constructed, and maintained the City's sanitary sewerage system. The trial court entered a summary judgment in favor of the Board and issued what it termed "Rule 11 [Ala.R.Civ.P.] sanctions." We affirm the summary judgment, but reverse the order imposing sanctions.
I. Factual and Procedural Background
Williams, Jackson, and Robinson were three of the plaintiffs in Carson v. City of Prichard, 709 So.2d 1199 (Ala. 1998). In that case, 13 residents of the City of Prichard, along with the estate of a deceased resident, sued the City and its Water Works and Sewer Board for damages, based on harm they claimed to have suffered as a result of a defect in the sanitary sewerage system operated by the Board. That defect caused sewage to overflow into their yards and homes after heavy rains. Alleging negligence, wantonness, nuisance, and trespass, the residents sought damages for mental anguish and for diminution in the value of their homes, and they sought a permanent injunction compelling the Board to correct the alleged deficiencies. The trial court entered a summary judgment for the City, and the case proceeded against the Board. A jury returned a verdict against the Board based on its failure to correct the sewage problem and awarded damages to each plaintiff. On appeal, this Court held: (1) that the evidence supported the conclusion that the Board was negligent; (2) that the statutory property-damage liability cap applied to each plaintiff, rather than as an aggregate amount for all the plaintiffs; (3) that the Board's failure to remedy the overflow problem was a single occurrence within the meaning of the liability-cap statute; (4) that the Board was not subject to punitive damages; (5) that the trial court did not abuse its discretion by not issuing an injunction to require that the City and the Board solve the sewer problem; and (6) that the City was not liable for injury resulting from the sewage discharge. SeeCarson, 709 So.2d at 1203-08.
In the present case, three of the Carson plaintiffs again assert claims of negligence, wantonness, nuisance, and trespass and seek damages for mental anguish and for diminution in the value of their real property. Specifically, these plaintiffs allege that the Board negligently or wantonly designed, constructed, and maintained the City's sanitary sewerage system. The plaintiffs' complaint requests additional damages for harm caused them by sewage overflows that occurred on dates after the jury returned its verdict in the original case but before the filing of the complaint. On September 15, 1997, the Board moved for a summary judgment. The trial court granted the motion on May 7, 1998. The trial court's order also contemplated "Rule 11 sanctions," ordering the plaintiffs' attorneys to submit briefs to show cause why the court should not impose such sanctions. The plaintiffs appealed. *Page 940 
On October 20, 1998, this Court remanded the case to allow the trial court to enter a Rule 54(b), Ala.R.Civ.P., certification of finality, indicating that if it received no response from the trial court within 10 days it would dismiss the appeal.[2] On October 30, 1998, the trial court issued an order readopting the summary judgment entered on May 7, 1998, and imposing "Rule 11 sanctions" against the plaintiffs for failure to show cause why such sanctions should not be imposed. The court made that order final pursuant to Rule 54(b). On November 13, 1998, the plaintiffs filed a second notice of appeal.
In their first appeal, Case No. 1971899, the plaintiffs argue that the trial court should not have granted the Board's summary-judgment motion because, they argue, there were disputed issues of fact, such as issues of "breach of duty," "proximate cause," and "damages," that should be determined in a trial by the fact-finder, rather than by the court on a summary-judgment motion. In their second appeal, Case No. 1980358, the plaintiffs argue that the trial court erred in issuing "Rule 11 sanctions."
II. Case No. 1971899 — The Summary Judgment
We first address the appeal in which the plaintiffs contend the trial court erred in entering a summary judgment in favor of the Board. A motion for summary judgment may be granted only when the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Ala.R.Civ.P.; see Ex parteIkner, 682 So.2d 8, 9 (Ala. 1996). A trial court's ruling on a motion for summary judgment carries no presumption of correctness, and this Court's review of such a ruling is de novo. See Young v.La Quinta Inns, Inc., 682 So.2d 402, 403 (Ala. 1996). "This Court must review the record in the light most favorable to the nonmovant and must resolve all reasonable doubts against the movant." System Dynamics Int'l, Inc. v. Boykin, 683 So.2d 419,420 (Ala. 1996).
In its order granting the Board's summary-judgment motion, the trial court stated that it had reviewed the complaint in this case and the complaint and the evidence in the earlier case and found it clear that the plaintiffs' current complaint alleged the same wrongs as were alleged in the earlier case and sought the same damages that had been sought and obtained in the earlier case. Moreover, the plaintiffs conceded that in this case they intended to use the same evidence, the same factual basis, and the same legal theory they had used in the earlier case. The plaintiffs contend that the problem they complain of is a continuing nuisance. However, the trial court noted in its order that in the earlier case the trial court had denied the plaintiffs' request for an injunction to require this defendant to correct the alleged deficiencies in the sewerage system.
Under the doctrine of res judicata, a plaintiff may not file consecutive actions against the same defendant based on the same conduct that has proximately caused the same injury. The elements necessary for the doctrine of res judicata to bar an action are: (1) that the parties in the present action are substantially identical to the parties in the earlier action; (2) that the two actions involve the same subject matter; and (3) that in the earlier action a court of competent jurisdiction rendered a judgment on the merits. See Barber v. Fields, 624 So.2d 532, 536
(Ala. 1993). These elements are present in this case. The plaintiffs do not dispute that there is a substantial identity of the parties involved in this case and those involved in Carson. The plaintiffs also do not dispute that there was a judgment on the merits in Carson and that that judgment *Page 941 
was entered by a court of competent jurisdiction. The plaintiffs argue, however, that their claims in this case are different from those raised in the Carson litigation. Specifically, the plaintiffs argue that each overflow of the sewerage system is a separate compensable injury. In Carson, however, this Court held that "although there were numerous incidents of sewage overflow, the failure of the Board to remedy the overflow was a `single occurrence' within the meaning of § 11-93-2."[3] Carson, 709 So.2d at 1205. The plaintiffs in this case complain of continued sewage problems that were proximately caused by the same occurrence that triggered the Board's liability in Carson. Thus, the subject matter of this case is the same as that in Carson, and the doctrine of res judicata bars the plaintiffs' claims.[4] See Barber, 624 So.2d at 536 ("`Once the elements [of res judicata] are met, the former judgment becomes an absolute bar to any subsequent suit on the same cause of action.'") (quoting Ex parte State ex rel.Harrell, 588 So.2d 868, 869 (Ala. 1991)).
III. Case No. 1980358 — Sanctions
We now address the appeal in which the plaintiffs contend the trial court erred in awarding sanctions against them. When it entered a summary judgment in favor of the Board on May 7, 1998, the trial court announced that it would consider, ex mero motu, awarding sanctions against the plaintiffs. The court ordered them "to show cause why the Court should not apply Rule 11 [ Ala.R.Civ.P.] Sanctions against [them and their] attorneys." The court also ordered the plaintiffs' attorneys "to submit a brief opposing the Court's implementation of Rule 11 Sanctions." The plaintiffs neither complied with that aspect of the Court's order addressing sanctions nor asked that it be stayed. Instead, they filed a motion addressing the summary judgment and, upon the trial court's denial of that motion, they appealed.
After this Court remanded the case to allow the trial court to enter a final judgment pursuant to Rule 54(b), Ala.R.Civ.P., the trial court, on October 30, 1998, again entered a summary judgment for the Board, and it made that summary judgment final. In its October 30, 1998, order, the trial court further stated:
 "2. The plaintiffs have failed to show cause as to why Rule 11 sanctions should not be entered in this cause as previously set forth in this Court's Order of May 7, 1998, and the Court hereby ORDERS, ADJUDGES, and DECREES that sanctions pursuant to Rule 11 are hereby due to be granted against the plaintiffs and in favor of the defendant, Board of Water Sewer Commissioners for the City of Prichard. However, the Court retains jurisdiction to consider the amount of sanctions after the resolution of this appeal."
The plaintiffs then appealed from that aspect of the October 30, 1998, judgment awarding sanctions against them. That *Page 942 
second appeal is Case No. 1980358, which was consolidated with Case No. 1971899. Rule 11, Ala.R.Civ.P., states:
 "Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. . . . The signature of an attorney constitutes a certificate by the attorney that the attorney has read the pleading, motion, or other paper; that to the best of the attorney's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. . . . For a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action."
Unlike its counterpart in the Federal Rules of Civil Procedure, Alabama's Rule 11 does not provide for the imposition of attorney fees and expenses as a penalty for its violation. See C. Lyons,Alabama Rules of Civil Procedure Annotated § 11.6 (3d ed. 1996). In civil cases, Alabama appellate courts are authorized by Rule 38, Ala.R.App.P., to award "just damages and single or double costs" in a case in which the court determines "that an appeal is frivolous." A trial court must look to the Alabama Litigation Accountability Act, Ala. Code 1975, §§ 12-19-270 to -276 ("the ALAA"), for authority to award attorney fees and costs against an attorney or a party. Section 12-19-272(a) states:
 "Except as otherwise provided in this article, in any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorneys' fees and costs against any attorney or party, or both, who has brought a civil action, or asserted a claim therein, or interposed a defense, that a court determines to be without substantial justification, either in whole or part[.]"
Before a trial court can assess attorney fees and costs against an attorney or a party pursuant to the ALAA, it must first determine that an action, claim, or defense is "without substantial justification." Pacific Enters. Oil Co. (USA) v.Howell Petroleum Corp., 614 So.2d 409, 417 (Ala. 1993).
 "The phrase `without substantial justification' . . . means that such action, claim, defense or appeal (including any motion) is frivolous, groundless in fact or in law, or vexatious, or interposed for any improper purpose, including without limitation, to cause unnecessary delay or needless increase in the cost of litigation, as determined by the Court."
§ 12-19-271(1). In addition, this Court requires that a trial court, when making a "without-substantial-justification determination" include three findings as part of the record: first, the court's express determination; second, the ground or grounds upon which it relied in making that determination; and third, "the legal or evidentiary support for [that] determination." Pacific Enters. Oil Co. (USA), 614 So.2d at 418. It must do this "either by drafting a separate written order or by having these findings transcribed for the official record." Id.
The trial court had no authority to enter either the show-cause order or the order imposing sanctions against the plaintiffs pursuant to Rule 11. We decline to treat those orders as having been entered pursuant to the ALAA, because the trial court did not make the requisite "without-substantial-justification" determination and did not put in the record a statement of "the ground or grounds upon which it relie[d], and the legal or evidentiary support for its determination." Pacific Enters. OilCo. (USA), 614 So.2d at 418. The order imposing sanctions against the plaintiffs is, therefore, reversed and vacated.
1971899 — AFFIRMED.
1980358 — REVERSED AND VACATED. *Page 943 
Hooper, C.J., and Maddox, Houston, Cook, See, Lyons, Brown, and Johnstone, JJ., concur.
[1] The City of Prichard is not a party to these appeals. The trial court has entered a summary judgment in favor of the City.
[2] See Foster v. Greer Sons, Inc., 446 So.2d 605 (Ala. 1984), overruled in part on other grounds, Ex parte Andrews,520 So.2d 507 (Ala. 1987), for a statement of the procedure allowing a remand for certification of finality pursuant to Rule 54(b).
[3] Ala. Code 1975, § 11-93-2, states in pertinent part:
 "Recovery of damages under any judgment against a governmental entity shall be limited to $100,000.00 for damage or loss of property arising out of any single occurrence. No governmental entity shall settle or compromise any claim for . . . property damage in excess of the amount hereinabove set forth."
Thus, as this Court noted in Sheridan v. Board of Water SewerCommissioners of the City of Prichard, 764 So.2d 526, 529 (Ala. 1999), § 11-93-2 "governs the extent of the Board's liability and provides a condition on the ability of the Board to enter into a settlement agreement."
[4] The Board also contends that the summary judgment should be upheld on the basis that a consent judgment it entered into with the Alabama Department of Environmental Management bars the plaintiffs' claims, under the "doctrine of primary jurisdiction" and on the basis that the claims are barred by the two-year statute of limitations, Ala. Code 1975, § 6-2-38. Because we affirm the summary judgment on res judicata grounds, a discussion of these arguments is unnecessary.