[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 28, 2003
THOMAS K. KAHN
CLERK

No. 02-16733

D. C. Docket No. 01-02068 CV-N-S

DAVID OGDEN,
CAMILLA OGDEN,

Plaintiffs-Appellees,

versus

BLUE BELL CREAMERIES U.S.A., INC.,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Alabama

(October 28, 2003)

Before DUBINA, WILSON and KRAVITCH, Circuit Judges.

DUBINA, Circuit Judge:

This case presents us with the question of whether a plaintiff may seek equitable relief under Section 502(a)(3) of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), when the doctrine of res judicata bars his Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), claim for recovery of benefits due under a welfare benefits plan. The district court found that Appellees David and Camilla Ogden were entitled to equitable relief under Section 502(a)(3), and a corresponding award of attorney's fees under Section 502(g)(1), 29 U.S.C. § 1132(g)(1), even though their Section 502(a)(1)(B) claim to recover payment under Appellant Blue Bell Creameries USA, Inc.'s ("Blue Bell's") Welfare Benefits Plan (the "Plan") was barred by an earlier action that was resolved against them in an Alabama state court. We hold that an ERISA plaintiff has no cause of action under Section 502(a)(3) where Congress provided for an adequate remedy elsewhere in the ERISA statutory framework, even if res judicata now bars the adequate remedy provided. Accordingly, we reverse the district court's awards of Section 502(a)(3) relief and vacate the award of attorney's fees.

## I. BACKGROUND

David Ogden was a Blue Bell employee at its office in Birmingham, Alabama. Through his employment, David and his wife, Camilla, became

members of Blue Bell's Welfare Benefits Plan, a comprehensive benefits package that included health and hospital insurance. Camilla was hospitalized for several days in August 1997 and presented her claim for benefits payable under the Plan to Blue Bell's third party administrator, ASO of North America, Inc. ("ASO"). The Ogdens sought legal advice after approximately two years had passed with no resolution of the claim. They filed suit against ASO and Blue Bell in an Alabama state court ("*Blue Bell I*") after ASO informed their counsel that their claim had been denied due to a pre-existing condition.

After the Ogdens filed their complaint, Blue Bell contacted them in an apparent attempt to settle the dispute. Blue Bell informed the Ogdens that ASO was no longer in business and that all records relating to their claim were probably lost. Blue Bell requested records relating to the claim for Blue Bell's new third party administrator to review. Pursuant to this request, the Ogdens sent records to Blue Bell and apparently agreed not to actively prosecute their suit until Blue Bell had an adequate opportunity to review their claim. While the parties were attempting to resolve the dispute amicably, the Alabama court entered an order *sua sponte* dismissing *Blue Bell I* because the Ogdens failed to serve ASO or move for a default judgment against Blue Bell when Blue Bell failed to file an answer.

The following year, the Ogdens filed their present suit in the same Alabama court that had dismissed *Blue Bell I.* Blue Bell removed the suit to federal district court, alleging that ERISA completely preempted the Ogdens' claims. In response, the Ogdens amended their complaint to seek legal relief, but not equitable relief, under ERISA–i.e. the payment of benefits due under the Plan.

Following a bench trial, the district court found that the principles of res judicata barred the Ogdens' claim for legal relief; however, the Ogdens were entitled to equitable relief under ERISA Section 502(a)(3), even though they had never asked for an equitable remedy. The district court found that res judicata did not bar Section 502(a)(3) relief because federal courts have exclusive jurisdiction over Section 502(a)(3) claims, and that Blue Bell had failed to fulfill its fiduciary duty to ensure that the Ogdens' claim had been reviewed in good faith. Accordingly, the district court ordered Blue Bell "to ensure that the Ogdens' claim is reviewed in good faith under the terms of the Plan." In addition, the district court awarded attorney's fees to the Ogdens, applying the five-factor test outlined in *Freeman v. Continental Insurance Co.*, 996 F.2d 1116, 1119 (11th Cir. 1993) (the "*Freeman* factors").

## II. ISSUE

Whether an ERISA plaintiff may seek equitable relief under Section

502(a)(3) when the doctrine of res judicata bars his Section 502(a)(1)(B) claim for

benefits due under a welfare benefits plan.[1]

## III. STANDARD OF REVIEW

We review *de novo* a district court's conclusions of law following a bench

trial. *A.I.G. Uruguay Compania de Seguros, S.A. v. AAA Cooper Transp.*, 334

F.3d 997, 1003 (11th Cir. 2003).

## IV. DISCUSSION

Blue Bell contends that the district court should not have awarded the

Ogdens Section 502(a)(3) relief because Section 502(a)(1)(B) afforded them an

adequate remedy, notwithstanding the fact that their Section 502(a)(1)(B) claim

was barred by res judicata.[2]  According to Blue Bell, the district court erred in

---

[1]In addition to this issue, Blue Bell asks us to decide whether this entire action was barred by res judicata; whether the Ogdens should have exhausted administrative remedies; whether the district court's judgment was based on inadmissible evidence or clearly erroneous findings of fact; and whether the district court misapplied the *Freeman* factors in awarding attorney's fees. Because we conclude that the Ogdens had no cause of action under Section 502(a)(3), we need not address any of these issues and decline to do so.

[2]The Ogdens do not challenge the district court's finding that res judicata barred their Section 502(a)(1)(B) claim.  Regardless, the district court's res judicata analysis was undoubtedly correct.  Pursuant to the Full Faith and Credit Act, 28 U.S.C. § 1738, the district court must accord the Alabama court's judgment in *Blue Bell I* the same preclusive effect that it would have in another Alabama court, and, as the Alabama Supreme Court has explained, "a plaintiff may not file consecutive actions against the same defendant based on the same conduct that has

awarding relief to the Ogdens under Section 502(a)(3) because the Ogdens principally sought recovery of benefits due under the Plan, which would be adequately addressed by a claim under Section 502(a)(1)(B). Blue Bell asserts that Section 502(a)(3) relief is only appropriate in situations where Section 502(a)(1)(B) does not afford an ERISA plaintiff with an adequate remedy, and the fact that the Ogdens have lost their Section 502(a)(1)(B) claim does not render Section 502(a)(3) relief appropriate. We agree.

We explained in *Katz v. Comprehensive Plan of Group Insurance*, 197 F.3d 1084 (11th Cir. 1999), that an ERISA plaintiff who has an adequate remedy under Section 502(a)(1)(B) cannot alternatively plead and proceed under Section 502(a)(3). *Id.* at 1088-89. We also recognized that an ERISA plaintiff that *had* an adequate remedy under Section 502(a)(1)(B) cannot assert a Section 502(a)(3) claim after his Section 502(a)(1)(B) claim has been lost. *Id.* at 1089.

In *Katz*, we affirmed a district court's finding on summary judgment that, pursuant to the Supreme Court's holding in *Varity Corp. v. Howe*, 516 U.S. 489, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996), an ERISA plaintiff could not state a valid claim for equitable relief when Section 502(a)(1)(B) afforded her with an

---

proximately caused the same injury." *Williams v. Board of Water and Sewer Comm'rs*, 763 So. 2d 938, 940 (Ala. 1999). This is precisely what the Ogdens have done.

adequate remedy, even though her Section 502(a)(1)(B) claim was subsequently lost on the merits. *Katz*, 197 F.3d at 1089. In *Varity*, the Supreme Court held that a class of ERISA beneficiaries had stated a claim for injunctive relief under Section 502(a)(3) and reinstated them to their former employer's welfare benefit plan. *Varity*, 516 U.S. at 504-14, 116 S. Ct. at 1075-79. In so holding, however, the Supreme Court emphasized that Section 502(a)(3) is a "catchall" provision that provides relief only for injuries that are not otherwise adequately provided for by ERISA. According to the Court, "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief would not be 'appropriate.'" *Id.* at 515, 116 S. Ct. at 1079.

Following this instruction, we held in *Katz* that the plaintiff had no Section 502(a)(3) cause of action because, at the time the district court dismissed her Section 502(a)(3) claim, she had an adequate remedy under Section 502(a)(1)(B). *Katz*, 197 F.3d at 1089; *see also Larocca v. Borden, Inc.*, 276 F.3d 22, 28 (1st Cir. 2002) (commenting that "following [*Varity*], federal courts have uniformly concluded that, if a plaintiff can pursue benefits under the plan pursuant to Section a(1), there is an adequate remedy under the plan which bars a further remedy under Section a(3)"). We further held that the availability of relief under Section

7

502(a)(3) was in no way dependent on the success or failure of the Section 502(a)(1)(B) claim because "the availablity of an adequate remedy under the law for *Varity* purposes, does not mean, nor does it guarantee, an adjudication in one's favor." *Katz*, 197 F.3d at 1089; *accord Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998); *see also Hembree ex rel. Hembree v. Provident Life and Accident Ins. Co.*, 127 F. Supp. 2d 1265, 1273-74 (N.D. Ga. 2000) (holding that a plaintiff could not assert a Section 502(a)(3) claim when the contractual statute of limitations barred his Section 502(a)(1) claim).

The legal principles that we set forth in *Katz* apply with equal force in the present case. The Ogdens cannot dispute that their injury would be best addressed by a Section 502(a)(1)(B) claim for recovery of benefits under the Plan, as they did not even seek equitable relief in their complaint. As *Katz* makes clear, had the Ogdens pleaded and proceeded under a Section 502(a)(3) theory of recovery, the district court's only proper course of action would have been to dismiss their Section 502(a)(3) claim without considering its merits. The Ogdens cannot escape this result by failing to seek Section 502(a)(3) relief in the district court.[3]

---

[3]We also agree with Blue Bell's argument that the district court should not have fashioned an equitable remedy in this case when the Ogdens neither sought equitable relief in their complaint nor raised the issue at any point during the underlying litigation. Even assuming Section 502(a)(3) relief was available to the Ogdens, Blue Bell was not put on notice that Section 502(a)(3) was at issue. In *Cioffe v. Morris*, 676 F.2d 539 (11th Cir. 1982), we held that "a judgment may not be based on issues not presented in the pleadings and not tried with the

Furthermore, our analysis is in no way altered by the fact that the Ogdens'

Section 502(a)(1)(B) claim is now barred by res judicata. At the time the Ogdens'

cause of action arose, Section 502(a)(1)(B) provided them with an adequate

remedy. We refuse to grant plaintiffs in the Ogdens' position two bites at the

apple by according them a second ERISA cause of action *solely because their first*

*ERISA cause of action was unsuccessful.* The central focus of the *Varity* inquiry

"involves whether Congress has provided an adequate remedy for the injury

alleged elsewhere in the ERISA statutory framework." *Hembree*, 127 F. Supp. 2d

at 1274. Thus, it is irrelevant for *Varity* purposes that the Ogdens no longer have a

viable Section 502(a)(1)(B) claim.

Section 502(a)(1)(B) clearly and unambiguously provided the Ogdens with

an adequate remedy for their injury by according them with a cause of action "to

recover benefits due to [them] under the terms of [David Ogden's] plan." 29

U.S.C. § 1132(a)(1)(B). Therefore, the Odgens could not have pleaded or

---

express or implied consent of the parties." *Id.* at 541. Implied consent will not be found (1) if the defendant had no notice of the new issue; (2) if the defendant could have offered additional evidence in defense; or (3) if the defendant in some other way was denied a fair opportunity to defend. *Id.* at 542-43. Blue Bell cannot be said to have impliedly consented to litigating a Section 502(a)(3) claim because the Ogdens never requested equitable relief and the issue did not arise during the course of the litigation. While we are sympathetic, as the district court undoubtedly was, to the Ogdens' stroke of bad fortune, we do not believe that the district court should have awarded Section 502(a)(3) relief when Blue Bell had no notice of the issue and was denied a fair opportunity to defend against it.

proceeded under a Section 502(a)(3) theory of recovery, and the district court should not have awarded the Ogdens Section 502(a)(3) relief or attorney's fees.

## V. CONCLUSION

We hold that the Ogdens had no cause of action under Section 502(a)(3) because Congress provided them with an adequate remedy elsewhere in the ERISA statutory framework. Accordingly, we reverse the district court's award of equitable relief and vacate the award of attorney's fees. Because both parties have requested attorneys' fees, we remand this case solely for a determination of whether either party is entitled to a fee award in light of our holding.

**REVERSED IN PART, VACATED IN PART, AND REMANDED**.