Patty KENNEDY, Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY, a foreign corporation; Verizon Claims Review Committee, as Administrator of the Plan for Group Insurance; and Verizon Florida, Inc. Defendant.

No. 8:04–CV–986–T27MAP.

United States District Court,
M.D. Florida.
Tampa Division.

Jan. 24, 2005.

William Sydney Coffman, Jr., Law Office of William S. Coffman, Jr., Tampa, FL, for Plaintiff.

Ralph C. Losey, Stephanie A. Segalini, Akerman Senterfitt, Orlando, FL, Defendants.

### ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

WHITTEMORE, District Judge.

**BEFORE THE COURT** is Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 10) and Defendant Met Life's Response in Opposition (Dkt. 12). Plaintiff's motion is DENIED.

Although Fed.R.Civ.P. 15(a) directs that leave to amend "shall be freely given

when justice so requires", *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir.1988) (citation omitted), leave to amend need not be allowed where amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161 (11th Cir.2001), *citing Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Here, Defendant contends the proposed amendment would be futile.

### Proposed Count One

In Count One of the proposed amended complaint, Plaintiff purports to state a cause of action for breach of fiduciary duty against Met Life pursuant to 29 U.S.C. § 1132(a), without, however, designating which subsection of § 1132(a) Plaintiff proceeds under. Section 1132(a)(1) and (2) provides two specific remedial provisions to ERISA participants and beneficiaries. In § 1132(a)(3), a third "catchall" provision authorizes plan participants and beneficiaries to file actions to obtain "appropriate equitable relief" to redress ERISA violations or the terms of an ERISA plan. *Varity Corp. v. Howe*, 516 U.S. 489, 512, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996).

■ Section 1132(a)(1)(B) provides ERISA participants with a civil cause of action to recover benefits, enforce rights to benefits or clarify rights to future benefits under ERISA plans. *Land v. CIGNA Healthcare of Fla.*, 339 F.3d 1286, 1290 (11th Cir.2003). Indeed, in Count Three of her proposed amended complaint, Plaintiff seeks relief pursuant to § 1132(a)(1)(B), albeit against the Verizon defendants.

■ Section 1132(a)(2) provides a cause of action for breach of fiduciary duty under 29 U.S.C. § 1109(a), which renders a fiduciary who breaches their duty liable for losses to the plan and subject to "such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." With respect to § 1132(a)(2), however, Defendant correctly argues that an action pursuant to that subsection may only be brought on behalf of a Plan and that § 1132(a)(2) provides no relief to an individual plan beneficiary. *See Varity*, 516 U.S. at 515, 116 S.Ct. 1065; *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n. 9, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985)(actions for fiduciary breach under 29 U.S.C. §§ 1109, 1132(a)(2) must "be brought in a representative capacity on behalf of the plan as a whole.") In her proposed amended complaint, Plaintiff does not seek relief on behalf of the Plan. As Plaintiff is precluded from stating an individual claim for relief under § 1132(a)(2), proposed Count One would be a futile amendment.

■ To the extent Plaintiff relies on § 1132(a)(3) as authority for her claim for breach of fiduciary duty in proposed Count One, the proposed amendment would likewise be futile. An ERISA plaintiff with an adequate remedy under § 1132(a)(1)(B) cannot alternatively plead and proceed under § 1132(a)(3). *Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1088–89 (11th Cir.1999) rehearing denied, 209 F.3d 726 (11th Cir.2000). Where, as here, Plaintiff has an adequate remedy to enforce entitlement to benefits, equitable relief pursuant to § 1132(a)(3) is unavailable. The Supreme Court, in *Varity Corp. v. Howe*, 516 U.S. 489, 514, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996) expressly so held.[1]

---

1. The Court stated: "Third, the statute authorizes "appropriate" equitable relief. We should expect that courts, in fashioning "appropriate" equitable relief, will keep in mind the "special nature and purpose of employee benefit plans," and will respect the "policy choices reflected in the inclusion of certain remedies and the exclusion of others." (Citations omitted) Thus, we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be

The Eleventh Circuit has, consistent with *Varity*, disallowed a claim for equitable relief under § 1132(a)(3) where the claimant had an adequate remedy for benefits pursuant to § 1132(a)(1).

... Section 502(a)(1)(B) clearly and unambiguously provided the Ogdens with an adequate remedy for their injury by according them with a cause of action "to recover benefits due to [them] under the terms of [David Ogden's] plan." 29 U.S.C. § 1132(a)(1)(B). Therefore, the Ogdens could not have pleaded or proceeded under a Section 502(a)(3) theory of recovery ...

*Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1288 (11th Cir.2003)("We hold that the Ogdens had no cause of action under Section 502(a)(3) because Congress provided them with an adequate remedy elsewhere in the ERISA statutory framework.")

█ In determining whether Plaintiff can state a claim under § 1132(a)(3), the relevant inquiry is whether Plaintiff "also has a cause of action, based on the same allegations, under Section 502(a)(1)(B) or ERISA's other more specific remedial provisions." *Jones v. American General Life and Accident Insurance Company*, 370 F.3d 1065, 1073 (11th Cir.2004). Applying the *Jones* analysis to Plaintiff's proposed Count One, it is apparent that the allegations supporting Plaintiff's § 1132(a)(3) claim are sufficient to state a claim under § 1132(a)(1)(B), "regardless of the relief sought, and irrespective of the [Plaintiff's] allegations supporting [her] other claims." 370 F.3d at 1073–74. Here, Plaintiff has a § 1132(a)(1)(B) remedy, as evidenced by her claim in Count Three.

### Proposed Count Two

█ With respect to Plaintiff's proposed Count Two, a purported action against Met Life under § 1132(c) for failure to provide information upon request which the administrator is required to furnish, Defendant maintains that Met Life was not the Plan administrator "and thus cannot be held liable ..." for a § 1132(c) violation.

█ Defendant is correct that only a plan administrator can be liable under § 1132(c) for statutory penalties. *VanderKlok v. Provident Life and Acc. Ins. Co.*, 956 F.2d 610 (6th Cir.1992). Section 502(c)(1) imposes a duty on the *administrator* of an ERISA plan to furnish information concerning the plan to claimants. 29 U.S.C. § 1132(c)(1). The "administrator" is "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A)(I).

As pointed out by Met Life, the Summary Plan Description attached to the complaint as Exhibit "A" identifies Verizon Employee Benefit Committee c/o Verizon Benefits Center as the plan administrator. In her proposed amended complaint, Plaintiff alleges in ¶ 7 that Met Life was performing *third party claims administration*. While according to the proposed complaint, Met Life processed Plaintiff's claim and made the initial decision to deny benefits, Met Life is not alleged to have been the *administrator* of the plan. Liability under § 1132(c) cannot, therefore, be imposed on a third party claims administrator such as Met Life, given the express language of the statute. See, e.g., *Moran v. Aetna Life Ins. Co.*, 872 F.2d 296, 299–300 (9th Cir.1989) (liability under § 1132(c) is limited to those targets named by Congress). Accordingly, Plaintiff has no cause of action under § 1132(c) against Met Life and proposed Count Two would be a futile amendment.

"appropriate." "(Citations omitted) 516 U.S. at 514, 116 S.Ct. 1065.

Plaintiff's Motion for Leave to File Amended Complaint is DENIED. Defendant's Request for Oral Argument (Dkt. 13) is DENIED.