[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 29, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15735
Non-Argument Calendar

_____

D. C. Docket No. 02-02126-CV-T-30-EAJ

FRANK MUSOLINO,

Plaintiff-Appellee,

versus

YESHIVA MACHZIKEI HADAS BELZ,
a New York educational organization,

Defendant-Appellant,

YESHIVAT BETH HILLEL OF KRASNA, INC.,
a New York Corporation,
CONSULTING ADMINISTRATIVE & PROFESSIONAL
SERVICES, N.C., a New York Corporation, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 29, 2005)

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

The defendant/appellant Yeshiva Machzikei Hadas Belz ("Machzikei Hadas") appeals the district court's entry of judgment in favor of the plaintiff/appellee Frank Musolino following a four-day bench trial. For the reasons that follow, we affirm the district court's judgment.

**I.**

Buzzeo, Inc. ("Buzzeo"), was a software company created to develop comprehensive software for educational institutions. In 1998, in order to maintain its operation Buzzeo reached a financial agreement with Yitz Grossman and his company, Target Capital. As part of the agreement, Grossman placed three directors on Buzzeo's board: himself, Simcha Roth, and Simon Sinnreich. Roth was also retained, upon Grossman's insistence, as an outside consultant to perform as the chief financial officer of Buzzeo.

In late 1998 or early 1999 Sinnreich approached Musolino about investing in Buzzeo. Musolino, a sophisticated investor, was uninterested at first, but was ultimately persuaded in the summer of 1999 by Sinnreich, who described Buzzeo as a financial success with completed and marketed software products. Gene Buzzeo, the president and founder of the company, also described it in glowing

terms and stated that it was close to going public. The truth was that Buzzeo was far from going public; in fact, it had no software that worked, no sales, no completed products, and several lawsuits filed against it.

In August 1999, Buzzeo was again running out of money and needed to raise $10,000,000. Musolino was prepared to make the investment by purchasing shares of Buzzeo stock at $4.00 per share. But, because other investors had recently purchased Buzzeo stock for as little as $2.00 per share, Musolino wanted to buy additional stock at a lower price to average down his cost. Roth told Musolino that he could help him purchase shares at $2.50 per share from two clients who were willing to sell their shares, one of which was Machzikei Hadas. The fact is that the clients did not own the shares at the time and, for the most part, obtained the shares with Musolino's money. As stated by the district court, the stock transactions between Machzikei Hadas and Musolino unfolded as follows:

> Between August 26, 1999, and September 9, 1999, Machzikei Hadas purchased 200,000 shares of Buzzeo stock from Buzzeo at five cents per share for a total of $10,000. This purchase was on the exercise of stock warrants which had been previously donated to Machzikei Hadas by Roth in late 1998. It appears from Buzzeo's records that the stock warrants were not actually valid–they were exercisable only if the holder had made a loan of $300,000 or more to Buzzeo. There is no evidence of any $300,000 loan made to Buzzeo by Roth or Machzikei Hadas. In a simultaneous transaction, Machzikei Hadas sold the 200,000 shares to Musolino for $500,000, a $490,000 profit.

Within the next two weeks, Roth arranged for Machzikei Hadas to purchase 120,000 shares at $2.00 per share from two Buzzeo affilates: 20,000 shares were purchased from Buzzeo's in-house counsel, Jim Shook, and 100,000 shares were purchased from Pazona Technolgies, Inc., a company owned by a vice-president of Buzzeo. The $240,000 purchase price was paid with funds received from Musolino in the previous transaction. In simultaneous transactions, these shares were immediately sold to Musolino for $2.50 per share totaling $300,000, a $60,000 profit.

After these transactions were complete, on September 27, 1999, Musolino agreed to make the $10,000,000 investment that Buzzeo needed: Musolino and Buzzeo entered into a stock purchase agreement whereby Musolino purchased $10,000,000 of Buzzeo stock at $4.00 per share.

In July 2000, Musolino learned about the truth of Buzzeo's financial and production affairs. Musolino then filed this action seeking to rescind his purchases of the unregistered Buzzeo stock from Machzikei Hadas and claimed that: (1) the securities were unregistered and not exempt from registration pursuant to Fla. Stat. § 517.07, and (2) Machzikei Hadas, through its agents, made untrue statements or omitted material facts in connection with the purchases, or both, in violation of Fla. Stat. § 517.301. After conducting a bench trial, the district court agreed and entered judgment in favor of Musolino. Machzikei Hadas perfected this appeal arguing that: Musolino's claims under Fla. Stat. § 517.07 are barred by the statute of limitations; the stocks were exempt transactions under Fla. Stat. §

4

517.07; and the district court erred by not concluding that reliance is an element of a claim under Fla. Stat. § 517.301.

## II.

The facts, as found by the district court after a four day bench trial, are not in dispute. We review the district court's conclusions of law de novo. *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1286 (11th Cir. 2003).

During the bench trial Machzikei Hadas did not raise the statute of limitations theory that it now advances on appeal. Generally, this court does not consider an issue or theory on appeal that was not raised in the district court. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). This case is no exception to that practice; thus, we decline to consider this issue.[1]

## III.

With some exceptions, Fla. Stat. § 517.07 requires every security sold in Florida to be registered with the Florida Department of Banking and Finance, now known as the Office of Financial Regulation. The stocks sold by Machzikei Hadas

---

[1]Even if Machzikei Hadas had preserved this argument, it fails on the merits. The sale of unregistered stock is lawful only if the stock was exempt from registration. Florida's two-year statute of limitations for Chapter 517 claims is a discovery statute. Because the undisputed record establishes that Musolino did not and could not have known that the stock he purchased from Machzikei Hadas was not exempt from registration more than two years before he brought this action, this action was timely.

5

to Musolino were not registered. Failure to register results in strict liability for the recision of the transactions. Fla. Stat. § 517.211(1). Machzikei Hadas asserts that the stocks were exempt from registration because it is entitled to the "Isolated Sale" exemption under Fla. Stat. § 517.061(3). To be entitled to this exemption, however, the sale of the securities cannot be made "directly or indirectly for the benefit of the issuer . . . of such securities." Fla. Stat. § 517.061(3). Here, the district court correctly found that Machzikei Hadas's sale does not fall within the exemption because the sales were made for the direct and indirect benefit of the issuer, Buzzeo. All of the sales were arranged by Roth, the outside consulting chief financial officer of Buzzeo who referred to Machzikei Hadas as his "client." In arranging the transactions, Roth was acting on behalf of Buzzeo and Machzikei Hadas. The sales benefitted Buzzeo because it encouraged Musolino to move forward with the September 27, 1999, purchase from Buzzeo, which resulted in the $10,000,000 investment Buzzeo sought from Musolino. In the end, Machzikei Hadas served simply as a straw man in the transactions for Buzzeo. And, Buzzeo paid a commission to Roth for arranging Musolino's purchases.

After concluding that Machzikei Hadas violated Fla. Stat. § 517.07, the district court concluded that Machzikei Hadas was liable under Fla. Stat. § 517.301 as well. However, because Musolino prevails under Fla. Stat. § 517.07,

6

and because the remedy for a violation of Fla. Stat. § 517.07 and Fla. Stat. § 517.301 is the same–namely, recision–we need not address Machzikei Hadas's grievance with Fla. Stat. § 517.301. *Compare* Fla. Stat. § 517.211(1) *with* Fla. Stat. § 517.211(2).

Because we conclude from the record that there is no merit to any of the arguments Machzikei Hadas makes on appeal, we affirm the district court's judgment.

**AFFIRMED**.