[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-14558

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-01863-CV-AR-M

DELORIS I. BURROUGHS,

Plaintiff-Appellee-
Cross Appellant,

versus

BELLSOUTH TELECOMMUNICATIONS, INC.,
LONG TERM DISABILITY PLAN FOR
SALARIED EMPLOYEES,

Defendants-Appellants-
Cross Appellees.

_____

Appeals from the United States District Court
for the Northern District of Alabama

_____

**(July 6, 2007)**

Before DUBINA, and BLACK, Circuit Judges, and RESTANI,* Judge.

PER CURIAM:

_____

* Honorable Jane A. Restani, Chief Judge, United States Court of International Trade,
sitting by designation.

BellSouth Telecommunications, Inc. (BellSouth) appeals the district court's grant of summary judgment for the plaintiff, Deloris Burroughs, for past and future disability benefits and prejudgment interest. In 2001, Burroughs sued her former employer BellSouth and its Long Term Disability Plan For Salaried Employees (Plan) under the Employee Retirement Income Security Act of 1974 (ERISA) for wrongful denial of disability benefits. In 2003, the district court remanded the case to BellSouth's claims administrator for reconsideration and a new benefits decision with instructions to consider any evidence Burroughs produced. In 2004, BellSouth's claims administrator issued a new decision denying Burroughs disability benefits. In 2006, the district court granted Burroughs' motion for summary judgment.

We review *de novo* the district court's ruling on a motion for summary judgment, applying the same legal standards as the district court. *Williams v. BellSouth Telecom., Inc.*, 373 F.3d 1132, 1134 (11th Cir. 2004). "[T]his court has adopted the following standards for reviewing administrators' plan interpretations: (1) *de novo* where the plan does not grant the administrator discretion, (2) arbitrary and capricious when the plan grants the administrator discretion; and (3) heightened arbitrary and capricious where there is a conflict of interest." *Buckley v. Metro. Life*, 115 F.3d 936, 939 (11th Cir. 1997).

The 2002 documents for the Plan state the claims administrator has exclusive, final, discretionary authority to interpret the Plan and determine benefits. Under these circumstances, the proper standard of review for the benefits decision is arbitrary and capricious. *See Buckley*, 115 F.3d at 939. We have determined the district court applied the incorrect standard of review to the claims administrator's decision.

Applying the correct standard to the 2004 benefits decision, we conclude BellSouth is entitled to summary judgment. We vacate the district court's decision and remand for entry of judgment for BellSouth.[1]

**VACATED AND REMANDED.**

---

[1] Burroughs' cross appeal is moot because of our resolution of this case.