[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 08-16062
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 15, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-02322-CV-AR-M

DELORIS BURROUGHS,
by and through her next friend
Richard Burroughs with Power of Attorney,

Plaintiff-Appellant,

versus

BROADSPIRE,
f.k.a. Kemper Insurance Company,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Alabama

(April 15, 2009)

Before DUBINA, BLACK and FAY, Circuit Judges.

PER CURIAM:

This is not the first time we have considered an appeal of this case. Appellant Deloris Burroughs ("Burroughs"), originally brought an action in 2001 against BellSouth Telecommunications, Inc. and the BellSouth Long Term Disability Plan for Salaried Employees ("LTD Plan"), challenging the denial of benefits under such employee welfare benefit plan. The district court granted summary judgment in favor of Burroughs and the defendants appealed. A panel of this court reversed the district court's judgment and remanded the case for entry of judgment for the defendants. *See Burroughs v. Bellsouth Telecommunications*, 248 Fed. App. 64 (11th Cir. 2007), ("*Burroughs I*").

Although challenging the same denial of benefits as in *Burroughs I*, and alleging that the same errors occurred, Burroughs characterizes her claims in the present case as breach of fiduciary duties. Broadspire moved to dismiss and the district court granted the motion. Burroughs then perfected this appeal on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). "This procedure, operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding." *Id.* at 326–327. In evaluating a motion to dismiss, the court should disregard the legal conclusions drawn from the facts, as well as conclusory

allegations and unwarranted deductions of fact, to determine whether the complaint states a claim upon which relief may be granted. *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1246, 1253 (11th Cir. 2005).

After reviewing the record and reading the parties briefs, we see no reversible error. Burroughs' claims in the instant case are virtually identical to her criticisms of Broadspire in *Burroughs I*. Burroughs cannot state a claim for breach of fiduciary duties where she was able to assert a claim for an appropriate remedy for the denial of benefits under ERISA § 502(a)(1)(B). *See Varity Corp. v. Howe*, 516 U.S. 489 (1996). We have held multiple times, under these circumstances, a breach of fiduciary duty claim cannot be asserted. *See Ogden v. Blue Bell Creameries, U.S.A., Inc.*, 348 F.3d 1284 (11th Cir. 2003); *Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084 (11th Cir. 1999).

Alternatively, under both claim and issue preclusion, our earlier decision in *Burroughs I* holding that Broadspire was neither arbitrary nor capricious precludes Burroughs from continuing to assert claims against Broadspire based on the same 2004 benefit decision. Accordingly, for the aforementioned reasons, we affirm the judgment of dismissal.

**AFFIRMED.**